UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SYNTHEON, LLC, | ) | |
|  | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. NO. 16-10244-ADB |
|  | ) | |
| COVIDIEN AG, | ) | |
|  | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT
COVIDIEN AG TO PRODUCE DOCUMENTS**

In its response to Plaintiff Syntheon, LLC's Request for Documents, Defendant Covidien AG has refused to state when it will complete the production of responsive documents.

Rule 34 was amended to prohibit such practices. Under Rule 34(b)(2)(B), which became effective on December 1, 2015, a party must "complete production 'no later than the time for inspection specified in the request or another reasonable time specified in the response.'" Granados v. Traffic Bar & Rest., Inc., C.A. No. 13-Civ.-0500, at *11-12, 2015 U.S. Dist. LEXIS 173037 (S.D.N.Y. Dec. 30, 2015), quoting Rule 34(b)(2)(B). A failure either to produce documents or to state in the Response when the production of documents will be completed, as Covidien has done here, is a "thoroughly deficient response." Id.

Pursuant to Fed. R. Civ. P. 37, Plaintiff Syntheon requests that the Court compel Covidien to complete the production of all responsive documents on or before September 14, 2016, which will be 60 days from the date of the Request and 30 days from Covidien's Response. Given that all discovery must be completed in four months by January 13, 2017, and that Syntheon requires the requested documents to prepare for depositions and other discovery, this timetable is reasonable.

**Procedural Background**

On July 12, 2016, Syntheon served its Request for Documents which stated that the responsive documents should be produced for inspection "on or before the time required by the Rules, or at such other time and place that may be agreed upon."

Covidien served its Response on August 15, 2016. The Response did not provide any indication as to when the responsive documents would actually be produced.

Subsequently, Syntheon asked when responsive documents would be produced. Covidien's initial reply to two e-mails seeking this information was that it would "abide by the Rules of Civil Procedure." Subsequently, in an August 25 telephone conference, Syntheon's counsel again asked when responsive documents would be produced. In response, Covidien's counsel said that he did not know when documents would be produced and that he "could not predict the future." Finally, in response to Syntheon's further request as to when the production of documents would be complete, Covidien's counsel stated that he expected that Covidien would *begin* a "rolling production" before September 8 but refused to state when production would be completed.

**ARGUMENT**

As amended, Rule 34 requires a party responding to a request for documents to state when the production of responsive documents will be completed. The Rules specifies that where a party responding to a request for documents states that it will produce copies of documents or of electronically stored information instead of permitting inspection:

> [t]he production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.

Fed. R. Civ. P. 34(b)(2)(B).

The amended Rule leaves no room for misconstruction. "[A] response to a request for production of documents which merely promises to produce the requested documents at some unidentified time in the future, without offering a specific time, place and manner, is not a complete answer as required by Rule 34(b)." NOA, LLC v. El Khoury, C.A. No. 14-CV-114-FL, at *17-18, 2016 U.S. Dist. LEXIS 112108 (E.D.N.C. Aug. 23, 2016), quoting Jayne H. Lee, Inc. v. Flagstaff Indus. Corp., 173 F.R.D. 651, 656 (D. Md. 1997). See also Granados v. Traffic Bar & Rest., Inc., C.A. No. 13-Civ.-0500, at *11-12, 2015 U.S. Dist. LEXIS 173037 (S.D.N.Y. Dec. 30, 2015) ("The defendants gave no indication as to when documents would be produced. This thoroughly deficient response, see generally Fed. R. Civ. P. 34(b)(2)(B)"). The Committee Notes to the 2015 Amendments provide that where a party anticipates producing documents in stages, as Covidien states here, "the response should specify the beginning and end dates of the production." See Committee Notes on Rule 34 – 2015 Amendment.

Commentators, likewise, have noted that the purpose of the amendment is to preclude gamesmanship in a party's response. See, e.g., Amii N. Castle, A Comprehensive Overview: 2015 Amendments to the Federal Rules of Civil Procedure, 64 Kan. L. Rev. 837, 856 (April 2016) ("A common practice for litigators is to provide written responses to RFPs within the presumptive 30-day response time so the objections and responses are timely asserted, but provide no indication in the written response as to when the corresponding documents will actually be produced. The amendment to Rule 34(b)(2)(B) now prohibits this practice"); Hon. Rebecca Simmons, The 'Best of' Litigation Update 2016: Discovery In 2016: New Rules, Cases And Technology, 74 The Advocate 67 (Spring 2016) ("Finally, the amended version of Rule 34(b)(2)(B) requires that any production of documents in response to a request for inspection be completed no later than the

time for inspection specified in the request or another reasonable time identified in the response. This is an attempt to avoid the common practice of responding that documents will be produced but providing no date for the production"); K. Alex Khoury, <u>Electronic Discovery</u>, 67 Mercer L. Rev. 859, 867 (2016) ("This amendment prohibits the practice of providing a written response to a document request at the deadline for production stating documents will be produced at the dreaded 'mutually convenient time'").

## **CONCLUSION**

Where Covidien has failed and refused to state when the production of documents responsive to Syntheon's Request for Documents will be completed, and that refusal is in direct contradicttion to Fed. R. Civ. P. 34(b)(2)(B), the Court should compel Covidien to complete its production of responsive documents on or before September 14, 2016.

    SYNTHEON, LLC

    By its attorneys,

    Douglas W. Salvesen

    _____
    Richard J. Yurko (BBO# 538300)
    Douglas W. Salvesen (BBO# 550322)
    YURKO, SALVESEN & REMZ, P.C.
    One Washington Mall
    Boston, MA 02108
    (617) 723-6900

Dated:  August 29, 2016

LOCAL RULE 7.1(A)(2) CERTIFICATION

      Pursuant to Local Rule 7.1(A)(2), I hereby certify that I have conferred with counsel for the Defendant in good faith and was unable to resolve or narrow the issues presented by this Motion.

      /s/ Douglas W. Salvesen
      _____

Dated:   August 29, 2016

LOCAL RULE 37.1 CERTIFICATION

      Pursuant to Local Rule 37.1, I hereby certify as follows:

      1.    On August 15, 2016, I received Covidien's Response to Syntheon's Document Request and noted that it did not state when the production of responsive documents would begin or when the production would be completed.

      2.    On August 16, 2016, I sent an e-mail to Matthew Satchwell, Esq. and Ferlillia Roberson, Esq., Covidien's counsel, asking for one of them to telephone me to "discuss the production of documents to which there is no objection."

      3.    On August 17, 2016, Ferlillia Roberson, Esq. replied and wrote that she would be "in touch shortly" to schedule a telephone conference.

      4.    On August 19, 2016, I again wrote to Matthew Satchwell, Esq. and Ferlillia Roberson, Esq., Covidien's counsel, requesting that we have a telephone conference to discuss various issues raised by Covidien's response, including the date on which Covidien would produce documents to which there was no objection.

      5.    On August 20, 2016, Matthew Satchwell, Esq. replied that he was "trying to find a time" and would get back to me.

      6.    On August 23, 2016, when I had not received any further reply, I again wrote to Matthew Satchwell, Esq. and Ferlillia Roberson, Esq. asking them to agree to a telephone conference. In this e-mail, I stated that "[w]ith respect to the documents to which Covidien stated no objection, or where Covidien has agreed to produce documents subject to various objections, those documents should be produced. In your response to this e-mail, let me know when we can expect them."

      7.    In reply to my e-mail, Matthew Satchwell, Esq. stated, "[w]ith regard to the documents you have requested, we are gathering them on an ongoing basis and will produce them subject to our objections in due course." There was no indication in the e-mail or otherwise when that would be and no statement when the production of documents would begin or when it would be completed.

      8.    The parties participated in a telephone conference on August 25, 2016 at 1:00 p.m. to discuss Covidien's Response to the Document Request. I participated on behalf of Syntheon. Covidien had three of its counsel participate in the conference, Matthew Satchwell, Esq., Ferlillia

Roberson, Esq., and Stephanie Chinchetti, Esq.

9. In the conference, I asked Attorney Satchwell when Covidien would produce responsive documents. Attorney Satchwell said that he did not know. I asked Attorney Satchwell if he could tell me when he would know when responsive documents would be produced. Attorney Satchwell said that he could not tell me because he "could not predict the future."

10. On August 26, 2016, my partner, Richard Yurko, Esq., agreed to a request from one of Covidien's other attorneys, David Apfel, Esq., to extend the time in which Covidien had to oppose Syntheon's Motion for a Preliminary Injunction. In that conversation, Attorney Yurko urged Attorney Apfel to encourage Covidien's attorneys at DLA Piper to agree to a schedule on producing documents.

11. On August 29, 2016, Matthew Satchwell, Esq. sent me an e-mail in which he stated that he expected that Covidien would "be in a position to begin a rolling document production within the next 10 days."

12. I replied asking Attorney Satchwell again asking when Covidien would complete the production of responsive documents.

13. Attorney Satchwell stated that he could not "confirm when the production will be finished because we are still searching our archives for relevant material" and that Covidien would produce documents as they are located "through the end of fact discovery" (January 13, 2017).

/s/ Douglas W. Salvesen

Dated: August 29, 2016

### CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and served electronically on all registered participants as identified in the Notice of Electronic Filing (NEF), which includes counsel for all parties.

/s/ Douglas W. Salvesen

Dated: August 29, 2016