UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SYNTHEON, LLC, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>COVIDIEN AG, )<br>)<br>   Defendant. )<br>) | C.A. NO. 16-10244-ADB |

**DEFENDANT COVIDIEN AG'S MEMORANDUM OF LAW IN OPPOSITION TO
<u>PLAINTIFF'S MOTION TO COMPEL</u>**

COVIDIEN AG

By its Attorneys,

David J. Apfel (BBO No. 551139)
dapfel@goodwinprocter.com
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
Tel: 617.570.1970
Fax: 617.227.8591

Drew M. Wintringham, III
drew.wintringham@dlapiper.com
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: 212.335.4500
Fax: 212.335.4501

Matthew D. Satchwell (Illinois Bar No. 6290672)
matthew.satchwell@dlapiper.com
Ferlillia V. Roberson (Illinois Bar No. 6296432)
ferlillia.roberson@dlapiper.com
DLA PIPER LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601-1293
Tel: 312.368.4000
Fax: 312.236.7516

Date:  September 12, 2016

Defendant Covidien AG ("Covidien") respectfully submits this memorandum of law in opposition to Plaintiff Syntheon LLC's ("Syntheon" or "Plaintiff") Motion to Compel ("Motion to Compel") (Dkt. 32).

The Motion to Compel is an unnecessary use of the Court's time and resources. Simply put, Covidien is actively and diligently complying with all of its discovery obligations and there is nothing to compel. Plaintiff served Covidien with its Requests for the Production of Documents and Things ("Requests") on July 12, 2016. Covidien timely replied on August 15, 2016. Covidien then made clear to Plaintiff that it was conducting the necessary searches to comply with Plaintiff's numerous, broad Requests, and that a meet-and-confer between counsel was necessary for Covidien to better understand the Requests' meaning and scope. At the same time, Covidien explained that it could begin a rolling production of substantial volumes of documents by September 8, but could not yet commit to a date by which it could complete production because it needed a better understanding of the Requests and universe of potentially responsive documents. (*See* Aug. 29 email from M. Satchwell to R. Yurko ("August 29 Email"), attached as Ex. A to the Satchwell Aff. filed herewith.)

The Motion to Compel mischaracterizes the August 25, 2016 telephone conference between counsel ("August 25 Conference") by suggesting that Covidien "refused" to provide Syntheon with a date by which it could complete document production. (Dkt. 32 at 2.) The very purpose of the August 25 Conference was to clarify Syntheon's broad and objectionable Requests in order to further facilitate Covidien's ongoing document search and collection efforts. (*See* Sept. 3 Letter from M. Satchwell to D. Salvesen, attached as Ex. B to the Satchwell Aff.) Covidien never stated during the August 25 Conference that it was unwilling to give a specific

date for the completion of document production. Rather, Covidien stated that it needed additional information before it could reliably determine a date by which production would be complete. (*Id.*)

Two business days after the August 25 Conference, and before the parties had completed the meet and confer process, Syntheon filed its Motion to Compel seeking an order compelling Covidien to complete all document production no later than September 14. Syntheon's rush to file is puzzling, especially since: (i) the parties had not reached an impasse; (ii) there is as of yet, no Protective Order in the case governing the disclosure of confidential and sensitive business information (*see* Dkt. 25) that will be included in Covidien's document production; (iii) Syntheon has not yet responded to a proposed Electronically Stored Information ("ESI") Order that Covidien had prepared in an effort to expedite discovery through mutually agreeable electronic document collection and production procedures; and (iv) the close of fact discovery in this case is January 13, 2017 (Dkt. 23)—more than four months away, *i.e.*, even if document production were not completed until late October or November, Syntheon would not be prejudiced as it would still have ample time to review the documents, prepare for, and complete all fact depositions.

Furthermore, Covidien's continuing discovery efforts, including the fact that it has informed Syntheon that it would complete document production by October 14, 2016 (provided a Protective Order is in place), have eliminated any conceivable basis for Syntheon's motion. Specifically, on September 3, 2016, Covidien sent Syntheon a letter ("September 3 Letter") indicating that it had resolved outstanding logistical issues and that it intended to substantially complete its rolling document production by October 14, 2016. (*See* Satchwell Aff., Ex. B.) In light of its provision of a "deadline" for document production, in the September 3 Letter

Covidien also requested that Syntheon withdraw its Motion to Compel.

In response to Syntheon's follow-up inquiries to the September 3 Letter, Covidien confirmed by email on September 9, 2016 ("September 9 Email") that: (i) Covidien expects to substantially complete its document production in response to Syntheon's Requests by October 14, 2016 and to provide Syntheon with a privilege log identifying responsive documents withheld from production on or about that date; (ii) Covidien began its rolling document production on September 8, 2016, by producing more than 17,000 pages of documents, and (iii) although Covidien does not yet know the total volume of its completed document production, it anticipates producing in excess of three gigabytes of material. (*See* Sep. 9 email from M. Satchwell to D. Salvesen, attached as Ex. C to the Satchwell Aff. filed herewith.) Notwithstanding the information provided in Covidien's September 3 Letter and September 9 Email, Syntheon has declined to withdraw its Motion to Compel.

Lawyers throw around the word "frivolous" far too often, but Plaintiff's Motion to Compel is the very definition of frivolous. Before the filing of the motion, Covidien proposed beginning to produce a material number of documents by September 8. (*See* Satchwell Aff., Ex. A.) Since then, Covidien has made good on its promise, producing over 650 documents on September 8, 2016. Syntheon's Requests call for large volumes of documents collected from numerous custodians spanning over eight years. Covidien is actively searching all databases where responsive documents may be found. It has already produced a significant volume of responsive documents (over 17,000 pages), and it is committed to continue providing Syntheon with documents on a rolling basis. (*See* Satchwell Aff., Ex. C.) Furthermore, Covidien has explained to Syntheon that it is making every effort to complete its production by October 14, 2015, i.e., at least 91 days before the end of fact discovery, and in ample time to afford Plaintiff

the opportunity to review the documents in preparation for depositions. Nothing more is necessary or required.

      Accordingly, Plaintiff's Motion to Compel should be denied.

                              COVIDIEN AG

                              By its Attorneys,

                              /s/ Matthew D. Satchwell
                              Matthew D. Satchwell

                              David J. Apfel (BBO No. 551139)
                              dapfel@goodwinprocter.com
                              GOODWIN PROCTER LLP
                              Exchange Place
                              Boston, MA 02109
                              Tel: 617.570.1970
                              Fax: 617.227.8591

                              Drew M. Wintringham, III
                              drew.wintringham@dlapiper.com
                              DLA PIPER LLP (US)
                              1251 Avenue of the Americas
                              New York, New York 10020-1104
                              Tel: 212.335.4500
                              Fax: 212.335.4501

                              Matthew D. Satchwell
                              Illinois Bar No. 6290672
                              matthew.satchwell@dlapiper.com
                              Ferlillia V. Roberson
                              Illinois Bar No. 6296432
                              ferlillia.roberson@dlapiper.com
                              DLA PIPER LLP (US)
                              203 North LaSalle Street, Suite 1900
                              Chicago, Illinois 60601-1293
                              Tel: 312.368.4000
                              Fax: 312.236.7516

Date:  September 12, 2016

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was filed through the ECF system and served electronically upon counsel of record for all parties.

                                              /s/ Matthew D. Satchwell
                                              Matthew D. Satchwell

Date:  September 12, 2016