UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SYNTHEON, LLC, | ) |
|        Plaintiff, | ) |
| v. | )    C.A. NO. 16-10244-ADB |
| COVIDIEN AG, | ) |
|        Defendant. | ) |

**PLAINTIFF'S REPLY TO DEFENDANT'S
OPPOSITION TO MOTION TO COMPEL
[LEAVE TO FILE GRANTED ON SEPTEMBER 14, 2016]**

Plaintiff Syntheon, LLC does not object to an Order requiring Defendant Covidien AG to complete the production of documents that are responsive to Syntheon's Request for Documents on or before October 14, 2016, which would be *three months* after the date of the Request and only *three months* before the close of discovery in this case.

As to Covidien's assertion that the Motion to Compel was unnecessary, Syntheon notes that Covidien agreed to a completion date for its document production only *because* the Motion to Compel was filed. Covidien's contention, that its written Response did not include a completion date as required by Rule 34(b)(2)(B) and that it requested a meet-and-confer so that it could "better understand" the meaning and scope of certain Requests and thereafter provide a completion date, is argle-bargle. Beginning on August 16, 2016, Syntheon's counsel repeatedly requested a conference and needed to have Covidien's local counsel intercede finally to obtain one. Even in that August 25, 2016 conference, after Covidien's counsel an opportunity to better understand the Requests, he still declined to provide a completion date, noting that he "could not predict the future."

The purpose of the efforts undertaken by Syntheon in accordance with Local Rules 7.1 and 37.1 was to resolve this dispute and eliminate the need for motion practice. When, after the parties exchanged emails and participated in a lengthy telephone conference, Covidien still refused to provide the completion date required by Rule 34(b)(2)(B), Syntheon had no choice but to file the Motion to Compel. Notably, Covidien did not comply with its obligations under Rule 34(b)(2)(B) and specify a completion date for its production of documents until *after* the Motion was filed. Covidien cannot now argue that the Motion is frivolous.

        SYNTHEON, LLC

        By its attorneys,

        Douglas W. Salvesen

        _____
        Richard J. Yurko (BBO# 538300)
        Douglas W. Salvesen (BBO# 550322)
        Anthony B. Fioravanti (BBO# 664823)
        YURKO, SALVESEN & REMZ, P.C.
        One Washington Mall
        Boston, MA 02108
        (617) 723-6900

Dated: September 14, 2016

## CERTIFICATE OF SERVICE

     I hereby certify that this document was filed through the ECF system and served electronically on all registered participants as identified in the Notice of Electronic Filing (NEF), which includes counsel for all parties.

                                                   /s/ Douglas W. Salvesen

Dated: September 14, 2016