# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SYNTHEON, LLC, | ) |
|   Plaintiff, | ) |
| v. | )   C.A. NO. 16-10244-ADB |
| COVIDIEN AG, | ) |
|   Defendant. | ) |

## PLAINTIFF SYNTHEON, LLC'S
## MOTION FOR LEAVE TO AMEND COMPLAINT

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff Syntheon, LLC seeks leave to amend its complaint in this matter to add factual allegations and additional counts arising out of Covidien's failure to pay royalties on a Canadian patent, Covidien's unreasonable refusal to allow Syntheon to file and prosecute patent applications in Canada and the European Union, Covidien's breach of contract with respect to deductions on royalty payments, and various actions undertaken by Covidien in breach of its obligation of good faith and fair dealing. As set out more fully below, in the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment, -- the Rules require that the leave sought should be "freely given." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In this case, there are no sufficient grounds to deny the requested relief and the Court should grant leave since the amendment would result in the efficient resolution of claims between the parties that involve significant factual and legal overlap.

**Procedural Background**

Plaintiff Syntheon filed its Complaint on February 12, 2016 and its Amended Complaint on April 20, 2016. Covidien filed its Answer on May 9, 2016. In general, the pleadings allege that Covidien (1) has violated the parties' written agreements by failing to pay royalties to Syntheon on sales of Covidien's LigaSure™ Small Jaw Open Instrument, (2) has sought to narrow and undermine the existing patents and patent applications for the two-stage switch technology, and (3) has refused to file two new patent applications proposed by Syntheon and then prevented Syntheon from filing them at its own cost.

To date, the parties have conducted limited discovery.[1] On July 12, 2016, Syntheon served Covidien with a Request for Documents. Covidien served its written Response on August 15, 2016 and produced documents on September 8, 2016 and October 14, 2016. In a letter accompanying its October 14, 2016 production, Covidien stated that a relatively small number of additional responsive documents would be produced on or before October 21, 2016. Syntheon propounded its First Set of Interrogatories to Covidien on September 15, 2016. Covidien's response to the Interrogatories is due on October 21, 2016.

On August 23, 2016, Covidien served Syntheon with a Request for Documents and its First Set of Interrogatories. Syntheon served a written Response to the Request for Documents on September 26, 2016 and will produce responsive documents on or before November 7, 2016. On October 4, 2016, Syntheon served Covidien with its Response to the First Set of Interrogatories.

---

[1] The Court has not yet decided between the parties' proposed Confidentiality Orders that were submitted by letter, as the Court requested, in July 2016.

No depositions have been taken or noticed by either party.

On August 12, 2016, Syntheon filed a Motion for Preliminary Injunction accompanied by a Memorandum of Law. On September 2, 2016, Covidien filed a Memorandum in Opposition to the Motion for Preliminary Injunction. Syntheon filed a Reply Memorandum on September 27, 2016. To date, the Court has not taken any action to hear or decide the Motion.

**Factual Background**

This action concerns the "two-stage" switch technology that Plaintiff Syntheon developed for an ultrasonic scalpel that it sold to Covidien in 2008. Under the parties' agreements, Covidien must pay royalties on sales of its products that are covered by various patents issued by the U.S. Patent Office. Covidien also has an ongoing contractual obligation to file patent applications, including any applications that would modify or revise previously issued patents on the technology even when those patents would result in Covidien having to pay additional royalties to Syntheon. The parties' agreements provide that if Covidien declines to file any patent application, Syntheon has the right to file the application with Covidien's approval, which may not be unreasonably withheld. This provision ensures that Covidien cannot refuse to file a patent application to avoid having to pay royalties.

In the Complaint, as amended, Syntheon has alleged that Covidien owes it royalties on sales of Covidien's LigaSure™ Small Jaw Open Instrument based on patents already issued by the Patent Office. Syntheon has also alleged that Covidien has taken a number of actions to reduce or eliminate the likelihood that patents that issue on pending applications would read on the LigaSure™ Small Jaw Open Instrument. Syntheon has also alleged that Covidien's refusal to allow Syntheon to file and prosecute two patent applications presented to it in January 2016 was

3

unreasonable, a violation of Covidien's contractual obligations, and triggered by Covidien's ongoing efforts to avoid having to pay royalties. Syntheon has requested that the Court enjoin Covidien from interfering with its prosecution of these patent applications.

Since the filing of the Complaint, Covidien has continued its efforts to avoid paying royalties owed to Syntheon in the following ways:

Canadian Patents and Patent Applications. Presently, Covidien pays Syntheon royalties on net sales of its Sonicision™ ultrasonic dissector in the United States. However, even though Covidien sells millions of dollars' worth of the Sonicision™ ultrasonic dissector in Canada, on those sales it has paid Syntheon nothing in royalties. The Canadian patent (CA 2,707,837) that Covidien obtained in April 2016 on the technology it purchased from Syntheon covers the Sonicision™ ultrasonic dissector and Covidien owes Syntheon in excess of $40,000 in royalties on the net sales of that product.

European Patent Applications. Although Covidien has been selling the Sonicision™ ultrasonic dissector for years in Europe, it has not yet obtained a patent from the European Union and has paid Syntheon no royalties on these sales. In July 2016, Syntheon requested that Covidien file a Divisional Application related to European Patent Application No. 12164201.1. Syntheon requested that the Divisional Application contain a proposed claim set forth in correspondence to Covidien's counsel. If Covidien decided not to file the Divisional Application, Syntheon requested that Covidien approve Syntheon proceeding to file its own application. On August 12, 2016, Covidien's counsel notified Syntheon that Covidien had declined to file the requested Divisional Application. Covidien also refused to permit Syntheon to file and prosecute the Divisional Application at its own cost. As grounds for its refusal, Covidien asserted that the

4

Divisional Application would be rejected by the patent examiner on the basis of prior art and that there was no commercially reasonable basis for Covidien to seek the patent described by the Divisional Application. However, Covidien's refusal to approve Syntheon's request to file and prosecute the Divisional Application is unreasonable and in violation of its contractual obligations.

<u>Wrongful Deductions from Royalty Payments</u>. The parties' Asset Purchase Agreement ("APA") permits Covidien to hold back certain amounts from the quarterly royalty payments owed to Syntheon. Covidien can hold back up to fifty percent (50%) of all reasonable costs and expenses actually incurred and paid by it in each quarter to defend an action by a third party who alleges that a "covered product" under the APA infringes on the third party's patents. Upon request by Syntheon, Covidien "shall provide to [Syntheon] reasonable proof of the costs and expenses incurred." Asset Purchase Agreement, § 2.6(c).

Syntheon is aware of only one action filed against Covidien, a case filed in federal court in the Southern District of Ohio, in which a third party has alleged that the Sonicision™ ultrasonic dissector infringes on a patent held by the third party. <u>Ethicon Endo-Surgery, Inc. v. Covidien, Inc.</u>, C.A. No. 11-CV-00871. In the last four years, Covidien has deducted more than $1.9 million from the royalty payments for expenses and costs it claims to have expended in this action. For the period November 2015 through January 2016 alone, Covidien deducted more than $635,000 in litigation costs and expenses – even though the Ohio action had been stayed during this time.

In accordance with the provisions of the APA, Syntheon requested that Covidien provide it with "reasonable proof" of its litigation costs and expenses. To date, Covidien has refused to

5

provide any documentary evidence of these costs or expenses, thereby depriving Syntheon of any has basis from which to determine their reasonableness. Although Covidien has indicated that it will produce copies of legal invoices as part of the existing litigation, it has not yet done so and it has stated that such invoices will be significantly redacted.

<u>Breach of Good Faith and Fair Dealing</u>. Covidien's actions since the filing of the Amended Complaint demonstrate that it is intent on denying Syntheon the benefits of the parties' contractual agreements and ensuring that no patent is issued that covers the LigaSure™ Small Jaw Open Instrument. Examples of Covidien's ongoing lack of good faith and its unfair business practices, in addition to those described above, include the following:

> Section 7.8(b) of the APA requires that Covidien "provide [Syntheon] with the opportunity to review and comment on any new Patent Application and substantive responses to be filed with any patent office regarding any of the Transferred Intellectual Property." Covidien has continued to breach this contract provision. In June 2016, Covidien filed a Request for Continued Examination ("RCE") of a patent application pending before the U.S. Patent Office and four separate Reissue Applications. Covidien failed to provide Syntheon with a copy of any of these documents prior to filing them. With respect to each filing, Covidien included the Answer and "affirmative defense" it had filed in this action. That "affirmative defense" is nothing more than a partisan narrative in which Covidien attacks the validity of the patent applications pending before the Patent Office that it has an obligation to prosecute "diligently" and seeks to denigrate the patent applications that Syntheon seeks to file through this action. Covidien's plain purpose in filing these documents with the Patent Office, without first providing it to Syntheon for its "review and comment," was to contaminate the prosecution history for this application and undermine any future applications.

> On March 18, 2016, Syntheon informed Covidien that it had identified a typographical error in claims set out in Continuation-in-Part Application No. 14/607,358 (the '358 Application) currently pending before the U.S. Patent Office. Syntheon requested that this typographical error be corrected. Although Covidien agreed to correct this error in a Canadian Patent Application, it declined to correct the error in the '358 Application (and decided instead to add claim limitations not required to overcome substantive rejections raised by the U.S. Patent Office. Syntheon believes that Covidien's refusal to simply correct the typographical error was because doing so would strengthen Syntheon's claims for royalties on the LigaSure™ Small Jaw Open Instrument.

**ARGUMENT**

Rule 15 of the Federal Rules of Civil Procedure provides that, after 21 days of the service of the responsive pleading or service of a motion under Rule 12, a party may amend its pleading only with the opposing party's written consent or the court's leave. The Rule also provides that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). See also United States ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009) (reasons for denying a motion to amend include undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment). In this case, none of the reasons to deny Syntheon's request for leave exist and, consistent with the liberal amendment policy of Rule 15, the Court should permit Syntheon to amend its Complaint.

There can be no argument that the motion should be denied by reason of undue delay. On June 23, 2016, the Court issued the scheduling order. That order set a deadline of October 20, 2016 for motions to amend the pleadings. The "default rule" is that there is no "undue delay" where a litigant seeks leave to amend on or before the deadline set by the Court for motions to amend. E.g., Martinez v. Petrenko, 792 F.3d 173, 180 (1st Cir. 2015) (noting that after the deadline passes, a litigant must show "good cause" to amend its pleadings). This action is still in its early stages. Although discovery has begun, it has not progressed very far. No depositions have been taken or noticed. The Court has not yet acted on the parties' request to enter a Confidentiality Order. Covidien will be unable to offer any evidence that it will be unfairly prejudiced or harmed in any way by the allowance of the Motion. To the extent that the additional allegations in the amended pleading would have any adverse consequences on Covidien, which is highly doubtful, those can be addressed by tweaking the scheduling order.

None of the other reasons used by courts to deny a motion to amend exists here. Syntheon's motive for seeking leave to amend the complaint is not to delay these proceedings but to ensure that the trial of this case adjudicates all of Covidien's contractual breaches and resolves all of the disputes between the parties. Nor is the motion to amend the result of a repeated failure to cure any deficiencies in the existing pleadings as Covidien has not sought to challenge the legal sufficiency of any of the allegations in the Complaint or the Amended Complaint through a motion to dismiss or otherwise. Similarly, the requested amendments are not futile and would easily withstand scrutiny under Rule 12.

Finally, courts have recognized that when a case is "at a relatively preliminary stage," as this case is, "it is preferable to resolve all claims between the parties in a single proceeding." Cooper v. Charter Communications Entertainments I, LLC, C.A. No. 12-10530, 2015 U.S. Dist. LEXIS 56149, at *18 (D. Mass. Apr. 28, 2015). Allowing the amendment to the pleadings and addressing all the related claims between the parties "will promote efficiency and judicial economy." Id. at *17, quoting Abbott Labs. v. Inverness Med. Tech., C.A. No. 98-10674-GAO, 2002 U.S. Dist. LEXIS 15290, at *3 (D. Mass. Aug. 19, 2002).

Case 1:16-cv-10244-ADB   Document 46   Filed 10/20/16   Page 9 of 10

## **CONCLUSION**

For the foregoing reasons, Syntheon respectfully requests that this Court grant its Motion for Leave to Amend Complaint and allow Syntheon to file its Second Amended Complaint.

SYNTHEON, LLC

By its attorneys,

/s/ Richard J. Yurko
_____
Richard J. Yurko (BBO# 538300)
Douglas W. Salvesen (BBO# 550322)
Anthony B. Fioravanti (BBO# 664823)
YURKO, SALVESEN & REMZ, P.C.
One Washington Mall
Boston, MA 02108
(617) 723-6900

Dated: October 20, 2016

9

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Pursuant to Local Rule 7.1(A)(2), I hereby certify that I have conferred with counsel for the Defendant in good faith and was unable to resolve or narrow the issues presented by this Motion.

/s/ Douglas W. Salvesen

Dated:  October 20, 2016

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and served electronically on all registered participants as identified in the Notice of Electronic Filing (NEF), which includes counsel for all parties.

/s/ Douglas W. Salvesen

Dated: October 20, 2016