The parties' Proposed Stipulated Protective Order [Docket No. 56] is APPROVED. However, the Court reserves the right to allow, after notice to the parties, the disclosure of any document or information covered by this Protective Order or to modify this Protective Order at any time in the interests of justice and to ensure that any proceeding before this Court is fair, efficient, and consistent with the public interest.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---

SYNTHEON, LLC,

              Plaintiff,

v.

COVIDIEN AG,

              Defendant.

---

)
)
)
)
)
)
)
)
)
)
)

C.A. NO. 16-10244-ADB

**<u>STIPULATED PROTECTIVE ORDER</u>**

WHEREAS discovery in this action may involve the disclosure of certain documents, things, and information in the possession, custody or control of plaintiff Syntheon, LLC ("Plaintiff"), defendant Covidien AG ("Defendant"), or other non-parties that constitute or contain trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.");

WHEREAS, such confidential information must be protected in order to preserve the legitimate interests of the parties or other such persons;

WHEREAS Plaintiff and Defendant have, through counsel, stipulated to the entry of this Protective Order for the purposes of advancing the progress of this case to prevent unnecessary dissemination or disclosure of such confidential information, and

WHEREAS the parties have established good cause for entry of this Order:

IT IS HEREBY ORDERED that:

### Definitions

1.      For purposes of this Order:

(a)      The term "Confidential Information" includes only non-public information that the designating party reasonably believes in good faith constitutes or reveals proprietary or confidential trade secret, technical, business, financial, or personal information of the designating party for which the designating party could obtain a protective order against general dissemination.

(b)      The term "Highly Confidential Information" includes only non-public information that the designating party reasonably believes in good faith constitutes or reveals highly sensitive information, which if disclosed to persons of expertise in the area, would be likely to reveal meaningful technical or business advantages of the designating party, including but not limited to: proprietary customer, supplier, and distributor information; sensitive financial data; marketing and business plans or strategies for existing or new products or processes; and ongoing research and development for existing or new products or processes. Highly Confidential information is rebuttably presumed to exclude information that, although it may have at a previous time, no longer constitutes or reveals highly sensitive information due to the passage of time, and information that discloses or reveals information that an expert could discern through use, examination, reverse engineering, or public description of an existing product. The parties shall take care to only designate information that properly falls under the above definition as Highly Confidential.

(c)      The term "Protected Information" shall mean information designated as containing or comprising Confidential or Highly Confidential Information pursuant to the provisions of this Order. It shall apply to all information, documents and things within the scope

of discovery in this action, that are in the custody or possession of, or are owned or controlled by, Plaintiff, Defendant, or other non-parties, including, without limitation, documents and things produced pursuant to Rules 26, 33, 34, or 36 of the Fed. R. Civ. P.; any other information produced pursuant to discovery requests or disclosure requirements of the Court's scheduling order; information produced by other persons which the producing or designating party is under an obligation to maintain in confidence; testimony adduced at depositions upon oral examination or upon written questions pursuant to Rules 30 and 31 of the Fed. R. Civ. P., hearings or trial; as well as any other tangible things or objects that are designated as containing or comprising Confidential or Highly Confidential Information. The information contained therein and all copies, abstracts, excerpts, analyses or other writings that contain, reflect, reveal, suggest or otherwise disclose such information shall also be deemed Protected Information. Information originally designated as Protected Information shall not retain that status after any ruling by the Court denying such status to it.

(d)     The term "designating party" means the party or person designating documents or information as Protected Information under this Order.

(e)     The term "receiving party" shall mean the party or person to whom Protected Information is disclosed.

(f)     Notwithstanding anything to the contrary herein, the description of Protected Information shall apply to all that information so designated by the designating party absent an order of the Court or subsequent written agreement of the designating party providing otherwise.

**Designation of Confidential Information or Highly
Confidential Information as Protected Information**

2.      Each designating party who produces or discloses any material that it believes contains or comprises Confidential or Highly Confidential Information shall designate the same as Protected Information. With respect to documents or copies provided by one party to the other, the designating party shall prominently mark the initial page and the page or pages on which any Protected Information appears with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as the case may be. In the event a party may make available certain of its files for inspection by another party, which files may contain non-confidential material as well as material that may be subject to protection under this Protective Order, with the intent that following such inspection the inspecting party will designate certain of the inspected documents to be copied and furnished to it, such files need not be marked with either confidentiality designation in advance, but shall all be treated as HIGHLY CONFIDENTIAL materials. Only those persons identified in Paragraph 6 subsections (a) and (c) below as permitted to view HIGHLY CONFIDENTIAL materials may be present at any such inspection.   When the producing party copies the documents to furnish to the inspecting party, the producing party shall mark Protected Material with the appropriate confidentiality designation to the extent warranted under Paragraph 1.

3.      If any Confidential Information or Highly Confidential Information is produced by a non-party to this litigation pursuant to this Protective Order, such a nonparty shall be considered a "designating party" within the meaning of that term as it is used in the context of this Order. The parties recognize that during the course of this litigation, Confidential Information or Highly Confidential Information that originated with a non-party and for which there exists an obligation of confidentiality may be produced. Such information that the designating party

4

believes originated with a nonparty, but is subject to a confidentiality obligation may be designated as Protected Information and shall be subject to the restrictions on disclosure specified in Paragraphs 5-8.

4.      In the event a party or person producing information, through inadvertence, produces or provides information without correctly designating it Protected Information as provided in this Protective Order, the producing party may give written notice to the receiving party or parties that the document, thing or other discovery information, response or testimony is Protected Information and shall be treated as Protected Information in accordance with the provisions of this Protective Order. The receiving party or parties must treat such documents, things, information, responses and testimony as Protected Information from the date such notice is received in accordance with the provisions of this Protective Order. Upon receipt of such notice, and upon receipt of properly marked documents, things, information, responses or testimony, the receiving party shall return or destroy said unmarked or incorrectly marked documents, things, information, responses and testimony and not retain copies thereof. Upon notice to the receiving party of such failure to designate, the receiving party shall reasonably cooperate to correct any disclosure to maintain the confidentiality of the inadvertently disclosed information, without prejudice.

### Disclosure of the Protected Information

5.      Except as provided elsewhere in this Protective Order, information designated as Protected Information may be disclosed only to the individuals below.

6.      Highly Confidential Information shall only be disclosed to:

(a)      Outside legal counsel of record for Plaintiff or Defendant, including outside counsel admitted pro hac vice, counsel from the same law firm as outside counsel of

5

record, outside counsel retained to assist legal counsel of record for Plaintiff or Defendant, and necessary paralegals, secretaries, and clerical personnel assisting all such counsel.

(b)     Mr. Sean McBrayer, who is designated by Plaintiff, and two employees designated by Defendant, whose advice and consultation are being or will be used by Plaintiff or Defendant, respectively, for purposes of this litigation, and necessary paralegals, secretaries, and clerical personnel assisting such persons, as long as these individuals comply with the procedure of Paragraph 15 herein.

(c)     Outside consultants or experts and their staff; whose advice and consultation are being or will be used by Plaintiff or Defendant for purposes of this litigation, who are not current officers, directors, or employees of Plaintiff or Defendant, as long as these personnel comply with the procedure of Paragraph 15 herein. Nothing herein shall prevent Fed. R. Civ. P. 26(a)(1) fact witnesses from serving in the role of outside consultant or expert. If any receiving party desires to disclose Highly Confidential Information under this provision, it must provide written notice to the counsel of record for the designating party and identify each such expert or consultant and provide a fully executed copy of Exhibit 1 completed by the proposed expert or consultant and a written summary of the expert's or consultant's employment and affiliations since 2008. If the designating party does not within ten (10) days of receipt of such notice object in writing to the counsel of record for the receiving party setting forth the grounds for the objection and stating whether it objects to the disclosure of Highly Confidential Information, the Highly Confidential Information may then be disclosed to the expert or consultant. If timely objection is made and the parties cannot resolve the issue, the receiving party may thereupon seek an appropriate order from the Court allowing disclosure of the Highly Confidential Information to the proposed expert or consultant, and the designating party shall

have the burden of proof with respect to the propriety of its objection and prevention of the proposed expert or consultant from reviewing the Highly Confidential Information. The disclosure of the identity of a consulting expert will not be a waiver of any privilege that applies to communications with that expert or the expert's work product. Furthermore, the parties agree that by stipulating to the entry of this Protective Order, the parties do not intend to modify in any way the discovery rules applicable to consulting experts.

(d)     Each person or service contracting firm retained by Plaintiff or Defendant for the purpose of photocopying, microfiching, translating, litigation database management and/or operation, or other clerical functions as long as these personnel comply with the procedure of Paragraph 15 herein.

(e)     Each person or service contracting firm retained by Plaintiff or Defendant for the purpose of producing graphic or visual aids or exhibits, as long as these personnel comply with the procedure of Paragraph 15 herein; and

(f)     The Court, Court personnel, and Official Court Reporters to the extent that Protected Information is disclosed at a deposition or court session which such reporter is transcribing.

7.     Confidential Information shall be disclosed only to the following individuals:

(a)     Those persons qualified to receive Protected Information under Paragraph 6 above;

(b)     Persons employed by Plaintiff or Defendant, whose advice and consultation are being or will be used by Plaintiff or Defendant for purposes of this litigation, and necessary paralegals, secretaries, and clerical personnel assisting such counsel, as long as

7

these personnel comply with the procedure of Paragraph 15 herein;

(c)     Fed. R. Civ. P. 26(a)(1) fact witnesses or inside consultants, whose advice and consultation are being or will be used by Plaintiff or Defendant for purposes of this litigation, as long as these personnel comply with the procedure of Paragraph 15 herein. The parties agree that the foregoing does not waive or modify any party's right to object to the use of Protected Information at a deposition.

8.      The foregoing lists in Paragraphs 6-7 may be expanded by mutual agreement in writing by counsel for Plaintiff and Defendant.

**<u>Additional Obligations and Limitations</u>**

9.      All information designated as Protected Information pursuant to this Order and disclosed in this litigation shall be used by a recipient thereof solely for the purposes of this litigation and not for any business or competitive purposes including, but not by way of limitation, any use of such information for research, development, manufacture, sales or marketing of any product by or for the receiving party, or for, or in connection with, the preparation or prosecution of any patent application by or on behalf of the receiving party, or use in any other legal proceeding, except as permitted by order of the Court, or as agreed by the parties. It shall be the duty of each party and each individual having notice of this Protective Order to comply with this Order from the time of such notice.

10.     All deposition testimony shall be treated as containing Highly Confidential Information and subject to this Protective Order until a time twenty (20) calendar days after the transcript of such testimony is received. In the event that a party wishes testimony or information disclosed at a deposition to be treated as Protected Information thereafter, a party shall designate such testimony or information as Protected Information by notifying the other

party in writing, within twenty (20) calendar days of receipt of the transcript of the deposition, of the specific pages and lines of the transcript which contain Confidential or Highly Confidential Information. Documents and things already designated as Confidential or Highly Confidential Information which are used as exhibits shall remain as such. If during a Court proceeding, Confidential or Highly Confidential Information is likely to be revealed, any party may request that the proceeding be held in camera. If such request is granted by the Court, the transcript of such proceeding shall be treated as a deposition transcript for the purposes of the Order.

11.     This Protective Order is intended to provide a mechanism for handling the disclosure or production of Confidential or Highly Confidential Information to which there is no objection other than confidentiality. Neither the agreement of the parties with respect to Protected Information, nor the designation of any information, document, or the like as Protected Information, nor the failure to make such designation shall constitute evidence with respect to any issue on the merits in this action. Each party reserves the right to object to any disclosure of information or production of any documents it deems to contain Confidential or Highly Confidential Information on any other ground it may deem appropriate  and any party may move for relief from, or general or particular modification of, the mechanism herein set forth or the application of this Order in any particular circumstance.

12.     This Protective Order may be amended with respect to (a) specific documents or items of Protected Information or (b) persons to whom Protected Information may be disclosed by Court order or by written agreement of the parties hereto. This Protective Order shall remain in force and effect indefinitely until modified, superseded or terminated by Order of this Court.

13.     Within sixty (60) days after the final termination of this action (including

all appeals), all documents, objects, and other materials produced as or designated as Protected Information, including extracts or summaries thereof, and all reproductions thereof, shall be returned to the designating party or shall be destroyed, at the option of counsel in possession of such copies. If the materials are destroyed, counsel responsible for the destruction shall within seven (7) days of such destruction certify to counsel for the designating party that destruction has taken place. However, outside counsel of record for each party may retain (a) one copy or sample of all material designated Protected Information for reference in the event of disputes over the use or disclosure of such material, (b) documents, things, copies and samples to the extent they include or reflect receiving attorney's work product, and (c) one copy of pleadings or other papers filed with the Court or served in the course of the litigation, the depositions, the deposition exhibits and the trial record, and (d) one copy of correspondence which may or may not refer to or include Protected Information.

14.     No party or person shall disclose or cause to be disclosed to anyone not specified in Paragraphs 5-8 or Paragraphs 18-19 as being entitled to receive it, any information designated as Protected Information under this Protective Order without prior written consent of the designating party or an Order of this Court. If the receiving party learns that Protected Information produced to it is disclosed to any person other than in the manner authorized by this Order, the receiving party learning of the disclosure must immediately inform the designating party of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information.

15.     As specified in Paragraphs 5-8, all required persons must first sign a Declaration of Compliance with the Protective Order (in the form attached as Exhibit 1 hereto) before gaining access to Protected Information. For a firm or business, the statement shall be

signed by a person authorized to bind the business entity. A file of all such original written Declarations shall be maintained by counsel for the party obtaining them.

16.    Nothing herein shall prevent any party or non-party from seeking additional relief from the Court not specified in this Order, or from applying to the Court for further or additional Protective Orders.

17.    Except to the extent specified in Paragraph 19, nothing contained in this Protective Order shall be construed to restrain a party or non-party from disclosing its own Protected Information as it deems appropriate. Nothing contained in this Protective Order shall be construed to require production of any Protected Information deemed by counsel for the party or non-party possessing such material to be privileged or otherwise immune from discovery. This shall not preclude any party from moving the Court for an Order compelling production or disclosure of such material.

18.    Nothing contained in this Protective Order shall be construed to limit any party's rights (a) to use, in taking depositions of another party, its employees, or its experts, or in briefs or at trial or in any proceeding in this litigation, any Protected Information of the other party, or (b) to disclose Protected Information to any witness at a deposition or at trial in this litigation who either authored (in whole or in part), received, or lawfully has or had access to such information. In addition, a witness may be shown any document that contains or reveals Protected Information if the witness is a present officer, director, or employee of the designating party. However, any Confidential or Highly Confidential Information so used shall not lose its confidential status through such use, and its confidentiality shall be protected in conformance with this Order.

19.    If counsel believe that any question or questions that will be put to a

11

witness at a deposition or at trial in this action will disclose material designated as Protected Information, or that answers to any question or questions will require such disclosure, or if material designated Protected Information will be used as an exhibit at such a deposition, the following procedures shall be followed:

a)        If the Protected Information includes only Confidential information, Counsel shall advise opposing counsel of same either at the time of the deposition or prior thereto, and the deposition (or Confidential portions thereof), shall be conducted only in the presence of persons entitled under the terms of this Protective Order to access to Protected Information.

b)        If the Protected Information includes Highly Confidential information, Counsel shall advise counsel representing the producing party of same a reasonable amount of time prior to the deposition, and counsel for the producing party will have an opportunity to raise an objection to the use of the Highly Confidential information at the deposition.  If such an objection is raised, the parties will make good faith efforts to resolve the objection prior to the deposition.

20.        Nothing herein shall prevent a receiving party from contending (for the purposes of securing an order so providing from the Court) that any or all Protected Information is not confidential or otherwise not entitled to protection.  As set forth above, any receiving party may at any time request that the designating party cancel or change the Protected Information designation with respect to any document, object or information. Such request shall be written, shall be served on counsel for the designating party, and shall particularly identify the designated Protected Information that the receiving party contends is not Confidential or Highly Confidential and the reasons supporting its contention. If the designating party does not agree to

remove or change the Protected Information designation, then the receiving party shall file a motion to be relieved from the restrictions of this Order with respect to the document or information in question, and the designating party shall have the burden of proving that its designation was appropriate.  Production of documents and things for purpose of inspection and copying shall not constitute a waiver of confidentiality, privilege or immunity from discovery as to such documents or any other information.

21.     The restrictions and obligations set forth herein relating to material designated as Protected Information shall not apply to any information which: (a) the parties (and, if another non-party produced Protected Information, such non-party) agree, or the Court rules, is already public knowledge; (b) the parties (and any respective producing non-party) agree, or the Court rules, has become public knowledge other than as a result of disclosure by a receiving party, its employees or agents in violation of this Protective Order; (c) has come or shall come into a receiving party's legitimate possession independently of the producing party; or (d) has been independently developed by or for the party without use of, or reference to, the other party's Protected Information.

22.     Any documents which contain Protected Information, if filed with this Court, shall be filed in accordance with Local Rule 7.2 and will be reviewed by the Court in accordance with that Rule. In accordance with the United States District Court for the District of Massachusetts Local Rule 83.6.11, any documents which contain Protected Information, if filed with this Court, shall be filed under seal and shall be made available only to the Court and to persons authorized under the terms of this Order. Pursuant to *Anderson v. Cryovac, Inc*, 805 F.2d 1, 5-7 (1st Cir. 1986), this Court will review each filing made under seal to determine whether there is good cause for shielding the information from public view. If the Court finds that good

cause is lacking, it shall notify the parties and hold a hearing, if necessary, prior to unsealing the document.

23.     All documents and things produced by a party for inspection by the other shall be retained by the party producing the same and, during the pendency of this litigation, shall be made available for reinspection for good cause pursuant to the terms of this Order on reasonable notice and at reasonable times upon request.

24.     In the event any party having possession, custody or control of any Protected Information disclosed pursuant to this Order receives a subpoena or other process or order to produce such information in another, unrelated legal proceeding, from a non-party to this litigation, such party shall notify the outside counsel of record for the designating party within ten (10) days of receipt of the subpoena, furnish such counsel with a copy of said subpoena or other process or order, and cooperate regarding all reasonable procedures sought to be pursued by the designating party whose interest may be affected, to maintain the confidentiality of such Protected Information. The designating party shall have the burden against defending against such subpoena, process or order. The party who received the subpoena, process or order shall be entitled to comply with it except to the extent the designating party asserting the Protected Information designation is successful in obtaining an order modifying or quashing the subpoena, process or order.

25.     The inadvertent or mistaken production or disclosure of documents or other information subject to the attorney-client privilege, the work product doctrine, or other privilege shall not be deemed a waiver of a claim of privilege, either as to the specific information disclosed or as to any other related information. If a producing party inadvertently produces or otherwise discloses to a receiving party information that is subject to such privilege

14

or immunity, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the inadvertently disclosed information be returned. The receiving party shall return all copies of the inadvertently produced material within five business days of receipt of the request. Any notes or summaries referring or relating to any inadvertently produced privileged material shall be destroyed. Return of the information or material by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned information or material is, in fact, properly subject to a claim of attorney-client privilege or work product immunity nor shall it foreclose any party from moving the court for an order that such information or material has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

23.     Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to this litigation and, in the course thereof, relying upon his examination of, but without disclosing, Protected Information (except to the extent permitted by this Order).

24.     Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial.

25.     This Order shall continue in effect after termination of this action and continue to be binding upon all persons to whom Protected Information is disclosed hereunder.

26.     This Court shall retain jurisdiction regarding all future disputes relating to this Order.

IT IS HEREBY ORDERED:


_____          Dated: _____
Allison D. Burroughs
United States District Judge

15

**EXHIBIT 1**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SYNTHEON, LLC,          ) | |
|           ) | |
|       Plaintiff,   ) | |
| v.          ) | C.A. NO. 16-10244-ADB |
|           ) | |
| COVIDIEN AG,          ) | |
|           ) | |
|       Defendant.   ) | |

**DECLARATION OF COMPLIANCE**

I, the undersigned, hereby acknowledge that I have read the Protective Order entered in this action, understand the terms thereof, agree to be bound by such terms, and agree to be subject to the jurisdiction of said Court in all matters relating to said Protective Order. I affirm that neither I nor my employer is a competitor of either Syntheon, LLC, Covidien AG, or any of Covidien AG's subsidiaries or affiliates as listed on Exhibit A to this Declaration, and further affirm, after a reasonable investigation, that neither I nor my employer has any legal or business conflict with either Syntheon, LLC, Covidien AG, or any of Covidien AG's subsidiaries or affiliates, including without limitation those listed on Exhibit A to this Declaration. I acknowledge that I will treat all information designated as "Confidential" and/or "Highly Confidential" strictly in accordance with the terms and conditions of this Protective Order, and that I understand that any unauthorized use of such material that I receive may constitute contempt of court.

DATED: _____

                             Signature

Address:

_____
Print Name

Title: _____

Company: _____

**EXHIBIT A**

**Company**

7157240 Canada Inc.

A&E Hangers Taiwan Co., Ltd.

A&E India Private Limited

A&E Karner Limited

A&E Productos de Costa Rica, S.A.

A&E Products (Far East) Limited

A&E Products de Honduras S.A.

A&E Products do Brasil Ltda.

A&E Products Group, Inc.

Ablation Frontiers L.L.C.

Accucomp (Pty.) Ltd.

Accufusion (Pty.) Ltd.

Advanced Absorbent Products Holdings Limited

Advanced Medical Technologies GmbH

Advanced Uro-Solutions, L.L.C.

Aircraft Medical Ltd.

Airox

Airox, Inc.

Arterial Vascular Engineering Canada, Company

Arterial Vascular Engineering UK Limited

ASE Partners SAS

ATS Acquisition Corp.

Auto Suture do Brasil Ltda.

Auto Suture European Services Center

Auto Suture Holdings Pty Ltd

Auto Suture Puerto Rico, Inc.

BARRX Medical Inc.

Batts Far East Limited

Batts LLC

Batts, Inc.

Beacon Endoscopic Limited

Beacon Endoscopic LLC

Beijing Libeier Biology Engineering Research Institute Co., Ltd.

Beijing Wei Rui Medical Devices Co., Ltd.

Bellco Canada Inc.

Bellco Do Brasil

Bellco France S.A.S.

Bellco Nordic AB

Bellco S r.l.

Biostar Biomedikal Mühendislik Anonim Sirketi

Bo Yao (Shanghai) Medical Device Co. Ltd.

1

Cardiocom UK LTD

CardioInsight Technologies Inc.

Carlisle Philippines, Inc.

Carlisle Recycling de Mexico S.A. de C.V.

Carmel Biosensors Ltd.

CCI Centro Covidien de Inovação e Educação para a Saúde Ltda

CCI Istanbul Teknolojik Hizmetler Limited Sirketi

CDK U.K. Limited

Changzhou InnoPedics Medical Device Co., Ltd

Changzhou Kangdi Medical Stapler Co., Ltd.

Changzhou Kanghui Medical Innovation Co., Ltd.

Coated Products GP, Inc.

Coated Products Holdings, Inc.

Comercial Kendall (Chile) Limitada

CorMedica Corporation

Corventis Europe BVBA

Corventis Pte. Ltd.

Covidien (China) Medical Devices Technology Co., Ltd.

Covidien (Gibraltar) Holding Limited

Covidien (Gibraltar) Limited

Covidien (HKSAR) Co., Limited

Covidien (Israel) Ltd.

Covidien (Proprietary) Limited

Covidien (Shanghai) Management Consulting Co., Ltd.

Covidien (Thailand) Limited

Covidien (UK) Commercial Limited

Covidien (UK) Manufacturing Limited

Covidien Adhesives Italia Srl

Covidien AG

Covidien Argentina S.A.

Covidien Asia Investments Limited

Covidien Australia Pty Ltd

Covidien Belgium 2 NV

Covidien Canada Holdings (A) Cooperatie U.A.

Covidien Canada Holdings (B) Cooperatie U.A.

Covidien Canada Holdings (C) Cooperatie U.A.

Covidien Canada Holdings LLC

Covidien Canada ULC

Covidien Caribbean, Inc.

Covidien Colombia S.A.

Covidien Delaware VI Corp.

Covidien Deutschland GmbH

Covidien Engineering Services Private Limited

Covidien Eurasia LLC

Covidien Finance International GmbH
Covidien Finance Ireland Limited
Covidien France Holdings (A) Cooperatie U.A.
Covidien France Holdings (B) Cooperatie U.A.
Covidien France Holdings, Inc.
Covidien Group Holdings Limited
Covidien Group S.a r.l.
Covidien Healthcare Holding UK Limited
Covidien Healthcare India Private Limited
Covidien Healthcare International Trading (Shanghai) Co., Ltd.
Covidien Healthcare Trading (Shanghai) Co., Ltd.
Covidien Holding Inc.
Covidien Holdings International Corporation
Covidien Holdings Ireland Limited
Covidien Holdings S.a r.l.
Covidien Hong Kong No.2 Limited
Covidien Hungary Kft.
Covidien International (US) Holdings A, LLC
Covidien International Finance S.A.
Covidien International S.a r.l.
Covidien Ireland Commercial Limited
Covidien Ireland Limited
Covidien Israel Holdings Ltd
Covidien Israel Investments Ltd
Covidien Israel Surgical Research Ltd
Covidien Japan, Inc.
Covidien Korea, Inc.
Covidien Limited
Covidien LLC
Covidien Logistics BVBA
Covidien LP
Covidien Lyon
Covidien Manufacturing Grenoble
Covidien Manufacturing Solutions, S.A.
Covidien Medical
Covidien Medical Products (Shanghai) Manufacturing L.L.C.
Covidien New Zealand Limited
Covidien Nigeria Limited
Covidien Peru S.A.
Covidien Philippines, Inc.
Covidien Private Limited
Covidien Pty Limited
Covidien Sales LLC
Covidien Sendirian Berhad

Covidien Services Europe Limited

Covidien Sigma Limited

Covidien Swiss Holding GmbH

Covidien Taiwan Limited

Covidien Trevoux

Covidien UK Holding Ltd

Covidien UK Limited

Covidien Uruguay S.A.

Covidien US Holdings, Inc.

Covidien Ventures Ltd.

Covidien VII (Denmark) ApS

Davis & Geck Caribe Limited

Dendron GmbH

Diabeter B.V.

Diabeter Zorg B.V.

DISAB Diagnostic Imaging Holding AB

Especialidades Medicas Kenmex, S.A. de C.V.

Eur-o-Flex de Mexico S.A. de C.V.

ev3 Australia Pty Limited

ev3 B.V.

ev3 Canada Inc.

ev3 International, Inc.

ev3 Medical Devices (Beijing) Company, Ltd.

ev3, Inc.

First Lafayette Holdings LLC

Floreane Medical Implants

GC Holdings, Inc.

Georgia Packaging, Inc.

Given Imaging (Asia Pacific) Pte. Ltd.

Given Imaging (Asia) Company Limited

Given Imaging (Los Angeles) LLC

Given Imaging B.V.

Given Imaging do Brazil Ltda.

Given Imaging GmbH

Given Imaging K.K.

Given Imaging Ltd.

Given Imaging Pty Limited

Given Imaging Vietnam Co., Ltd.

Given Imaging, Inc.

Graphic Controls (Barbados), Ltd.

Graphic Holdings, Inc.

Haemopharm Biofluids S r.l.

Healthcare Aviation Trust

Heartstone Services GmbH

HET Systems, LLC
IHS SAGLIK HIZMETLERI LTD STI
Imedex Biomateriaux
Inbrand Holdings Limited
Inbrand Limited
Inbrand UK Limited
India Medtronic Private Limited
InnerDyne Holdings, Inc.
InnerDyne, Inc.
Instruventional Inc.
Integrated Health Solutions International Sàrl
Invatec S.p.A.
Invatec Technology Center GmbH
Karner Europe AB
Karner Europe GmbH
Kendall Company of South Africa (Pty) Limited, The
Kendall de Mexico, S.A. de C.V.
Kendall de Venezuela, C.A.
Kendall Innovadores en Cuidados al Paciente S.A.
Kendall Ludlow Holding Corporation
Kendall SAS
Kendall, S.A. (Panama)
Kendall-Gammatron Limited
KMS Colon, Panama, S.A.
KMS Montevideo, Uruguay, S.A.
Kyphon Americas, Inc.
Kyphon Cayman Ltd.
Kyphon Ireland Research Holding Limited
Kyphon Sàrl
Kyphon South Africa (Proprietary) Ltd.
La Trevoltiane
Lafayette Healthcare Limited
Lafayette Pharmaceuticals Pty Limited
Lazarus Effect LLC
Lazarus Effect, Inc.
Life Design Systems, Inc.
Ludlow Technical Products Canada, Ltd.
Ludlow Technical Products Corporation
Ludlow Technical Products France
Magnolia Medical, LLC
Makani II Unlimited Company
Mallinckrodt DAR Srl
Mallinckrodt Holdings B.V.
Mallinckrodt Holdings, LLC

5

Mallinckrodt International Financial Services Company
Mallinckrodt Medical
Mallinckrodt Medical S.A.
Mallinckrodt Polska Sp.z o.o.
Mallinckrodt Sweden AB
Mallinckrodt US LLC
Mareane
Medefield Pty Limited
Medical Device Accelerator SA
Medical Education Y.K.
Medina Medical LLC
Medina Medical, Inc.
Mediquip Sdn. Bhd.
Medtronic – Sequoia (Cayman) Innovation Investment Management Partners, Ltd
Medtronic (Africa) (Proprietary) Limited
Medtronic (Schweiz) A.G. (Medtronic (Suisse) S.A.)
Medtronic (Schweiz) A.G. (Medtronic (Suisse) S.A.)
Medtronic (Shanghai) Ltd.
Medtronic (Shanghai) Management Co. Ltd.
Medtronic (Taiwan) Ltd.
Medtronic (Thailand) Limited
Medtronic 3F Therapeutics, Inc.
Medtronic Ablation Frontiers LLC
Medtronic Ablation Reorganization LLC
Medtronic Adriatic d.o.o.
Medtronic Advanced Energy Acquisition LLC
Medtronic Advanced Energy LLC
Medtronic Advanced Energy Luxembourg S.a r.l.
Medtronic Advanced Energy Luxembourg S.a r.l. LLC
Medtronic AF Acquisition LLC
Medtronic AF Luxembourg S.a r.l.
Medtronic Aktiebolag
Medtronic Angiolink, Inc.
Medtronic Ardian Acquisition LLC
Medtronic Ardian LLC
Medtronic Ardian Luxembourg S.a.r.l.
Medtronic Ardian Luxembourg S.a.r.l. LLC
Medtronic Asia, Ltd.
Medtronic ATS Medical, Inc.
Medtronic Australasia Pty Ltd
Medtronic B.V.
Medtronic Bakken Research Center B.V.
Medtronic Belgium S.A./N.V.
Medtronic Bio-Medicus, Inc.

Medtronic BioPharma B.V.

Medtronic BioPharma Sàrl

Medtronic Braun, Inc.

Medtronic Bulgaria EOOD

Medtronic Care Management Services, LLC

Medtronic Chile SpA

Medtronic China Kanghui Holdings

Medtronic China Venture Fund (Cayman), L.P.

Medtronic China, Ltd.

Medtronic Comercial Ltda.

Medtronic CoreValve LLC

Medtronic CryoCath LP

Medtronic CV Luxembourg LLC

Medtronic CV Luxembourg S.a r.l.

Medtronic CV Reorganization, LLC

Medtronic CV, LLC

Medtronic Czechia s.r.o.

Medtronic Danmark A/S

Medtronic do Brasil Ltda.

Medtronic Europe BVBA/SPRL

Medtronic Europe Sàrl

Medtronic Fabrication SAS

Medtronic Finance Holdings ULC

Medtronic Finland Oy

Medtronic France S.A.S.

Medtronic G m.b.H.

Medtronic Global Holdings GP S.à r.l.

Medtronic Global Holdings S.C.A.

Medtronic Group Holding, Inc.

Medtronic Hellas Medical Device Commercial S.A.

Medtronic Holding B.V.

Medtronic Holding Switzerland G m.b.H.

Medtronic Holding, Inc.

Medtronic Holdings Unlimited

Medtronic Hong Kong Limited

Medtronic Hong Kong Medical Limited

Medtronic Hungaria Kereskedelmi Kft

Medtronic Ibérica S.A.

Medtronic Integrated Health Solutions LLC

Medtronic International Holding LLC

Medtronic International Technology, Inc.

Medtronic International Trading Pte. Ltd.

Medtronic International Trading Sàrl

Medtronic International Trading, Inc.

Medtronic International, Ltd.

Medtronic Interventional Vascular, Inc.

Medtronic Invatec LLC

Medtronic IP Holding International Luxembourg S.a r.l.

Medtronic Ireland Limited

Medtronic Ireland Manufacturing

Medtronic Irish Finco

Medtronic Italia S.p.A.

Medtronic Japan Co., Ltd.

Medtronic Jolife LLC

Medtronic Kazakhstan Limited Liability Partnership

Medtronic KL Holdings LLC

Medtronic Korea Ltd.

Medtronic Latin America, Inc.

Medtronic Limited

Medtronic LLC

Medtronic Logistics LLC

Medtronic Luxembourg Global Holdings S.à r.l.

Medtronic Marketing AG

Medtronic Medical Device (Chengdu) Co., Ltd.

Medtronic Medikal Teknoloji Ticaret Limited Sirketi

Medtronic Mediterranean SAL

Medtronic META FZ-LLC

Medtronic Mexico S. de R.L. de C.V. (Tijuana)

Medtronic Micro Motion Sciences, Inc.

Medtronic MiniMed, Inc.

Medtronic Monitoring, Inc.

Medtronic Navigation Israel Ltd.

Medtronic Navigation, Inc.

Medtronic New Zealand Limited

Medtronic Norge AS

Medtronic Oesterreich G m.b.H.

Medtronic of Canada Ltd.

Medtronic Pacific Trading, Inc.

Medtronic Philippines, Inc.

Medtronic Poland Sp. z o.o.

Medtronic Portugal, Lda

Medtronic PS Acquisition LLC

Medtronic PS Medical, Inc.

Medtronic PS Reorganization LLC

Medtronic Puerto Rico Operations Co.

Medtronic R&D Diabetes Denmark A/S

Medtronic Romania SRL

Medtronic S. de R.L. de C.V. (Mexico City)

Medtronic S.A.I.C.

Medtronic Saudi Arabia Company

Medtronic Servicios S. de R.L. de C.V.

Medtronic Singapore Operations Pte. Ltd.

Medtronic Slovakia s r.o.

Medtronic Sofamor Danek Co., Ltd.

Medtronic Sofamor Danek Deggendorf GmbH

Medtronic Sofamor Danek South Africa (Proprietary) Limited

Medtronic Sofamor Danek USA, Inc.

Medtronic Sofamor Danek, Inc.

Medtronic Spine International Holding Company

Medtronic Spine LLC

Medtronic Trading NL BV

Medtronic Transneuronix, Inc.

Medtronic Urinary Solutions, Inc.

Medtronic USA, Inc.

Medtronic Vascular Galway

Medtronic Vascular Holdings

Medtronic Vascular, Inc.

Medtronic Ventor Technologies Ltd.

Medtronic Vertelink, Inc.

Medtronic Vietnam Company Limited

Medtronic VT, LLC

Medtronic World Trade Corporation

Medtronic Xomed, Inc.

Medtronic, Inc.

Medtronic, trgovina z medicinsko tehnologijo in opremo d.o.o.

Micro Therapeutics, Inc.

MiniMed Distribution Corp.

MiniMed Pty Ltd.

MMJ, S.A. de C.V.

MSCH LLC

N.G.C. Medical Srl

NayaMed France S.A.S.

NayaMed International Sàrl

NayaMed International, S.A.

NayaMed Poland Sp. z o.o

Nellcor Puritan Bennett Ireland

Nellcor Puritan Bennett Ireland Holdings

Nellcor Puritan Bennett LLC

Nellcor Puritan Bennett Mexico, S.A. de C.V.

New Wave Surgical, LLC

Newport Medical (Asia) Limited

Newport Medical Instruments, Inc.

9

NGC Medical UK Limited

Nippon Covidien Ltd.

Nobles Medical Technology, Inc.

Old Colony State Insurance Company

Oridion Capnography, Inc.

Oridion Medical 1987 Ltd.

Oridion Systems Ltd.

Osteotech, Inc.

Panmedica Pty Limited

Peak Surgical, Cayman

Plastics Holding Corporation

Polyken Technologies Europe, Inc.

Polysuture Industria e Comercio Ltda.

Power Medical Interventions Deutschland GmbH

Pryor and Howard (1988) Limited

PT Medtronic Indonesia

PT. COVIDIEN INDONESIA

PTB International LLC

Raychem Tecnologias, S. de R.L. de C.V.

Raychem Tijuana Services, S.A. de C.V.

Retail Group de Mexico S.A. de C.V.

Reverse Medical LLC

RF Surgical Systems LLC

Salient Coop Partner LLC

Sanatis GmbH

Sapheon LLC

Sapheon Vascular B.V.

Scardin Corp. Chile S.A.

Setagon, Inc.

Shanghai Zhikang Medical Devices Co., Ltd.

Sherwood Medical Company I

Sherwood Medical Industries Pty Ltd

Societe De Fabrication de Material Orthopedique En Abrege Sofamor

Sofradim Production

Somanetics Corporation

Sophono GmbH

Sophono UK Ltd.

Sophono, Inc.

SpinalGraft Technologies, LLC

Stentex Holding Sarl

superDimension (Europe) GmbH

superDimension Ltd.

superDimension, Inc.

Suzhou Medtronic Venture Capital Partnership Enterprise (L.P.)

10

Suzhou Medtronic-Sequoia Innovation Investment Management Co., Ltd.

Suzhou Mei Zhong Capital Investment Management Co., Ltd.

TGM Medical, Inc.

THC Holdings Limited

THC Pool LLC

The Medtronic Foundation

Tissue Science Laboratories Limited

Trigate (Pty.) Ltd.

Trinance (Pty.) Ltd.

Twelve Australia Pty Limited

Twelve Medical Limited

Twelve, Inc.

TYRX, Inc.

U.S.S.C. Puerto Rico (NY), Inc.

U.S.S.C. Puerto Rico, Inc.

United States Surgical Corporation

USSC (Deutschland) GmbH

USSC Financial Services Inc.

USSC FSC, Inc.

USSC Medical GmbH

Valera Holdings S.a r.l.

Valleylab (Australia) Pty. Limited

Valleylab Holding Corporation

Verdana Holdings Limited

Visualase, Inc.

Vitatron A.G.

Vitatron Belgium S.A./N.V.

Vitatron Holding B.V.

Vitatron Medical España, S.A.

Vitatron Nederland B.V.

Vitatron Portugal - Comércio e Distribuição de Dispositivos Médicos, Lda

VNUS Medical Technologies II, Inc.

Warsaw Orthopedic Inc.

WEM Equipamentos Electronicos Ltda.

Zephyr Technology LLC


Entered as an order of the Court on December 22, 2016


/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE