**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| SYNTHEON, LLC, ) )                 Plaintiff, ) ) v. ) ) COVIDIEN AG, ) )                 Defendant. ) ) | C.A. NO. 16-10244-ADB |

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff Syntheon, LLC moves this Court to enter partial summary judgment on Count I (Breach of Contract).

As described more fully in the Memorandum of Law filed herewith, Defendant Covidien AG purchased medical device technology from Syntheon pursuant to an Asset Purchase Agreement ("APA"). Under the APA, Covidien assumed responsibility for prosecuting a number of pending patent applications relating to the technology and for filing additional applications going forward. Among other consideration, Covidien agreed to pay Syntheon a royalty on sales of any product covered by any claim in a patent that issued from these patent applications.

To protect Syntheon's continuing interest in the pending and future patent applications, the parties agreed that Syntheon could request that Covidien file additional patent applications to protect the technology and Syntheon's rights to royalties. If Covidien decided not to file any new patent application regarding the technology purchased from Syntheon or derived therefrom, Syntheon had the right to prepare and file the patent application itself. Syntheon's right to file a patent application was subject to Covidien's approval, which could not be "unreasonably withheld."

In accordance with its contractual right, Syntheon sought Covidien's approval to file and prosecute two patent applications related to the technology with the U.S. Patent Office. Covidien denied the requests. The reasons for its refusal to approve the filing are undisputed. Covidien stated that it denied the requests because (1) it believed that the claims in the patent applications would not be allowed by the U.S. Patent Office; and (2) even if the claims were allowed, Covidien believed that the resulting patents would not provide it with any commercial value.

It is undisputed that the filing of the patent applications would not prejudice Covidien's interest in the parties' agreements in any way and Covidien has failed to identify any possible harm to it. Therefore, Covidien's refusal to permit Syntheon to file and prosecute the two patent applications is unreasonable as a matter of law and a breach of the parties' agreements.

Syntheon is entitled to a partial summary judgment on Count I and an order permitting Syntheon to file and prosecute the two applications and enjoining Covidien from interfering unreasonably with the prosecution of those applications. Syntheon relies on the Memorandum of law filed herewith, its Statement of Material Fact, and the supporting Affidavits filed herewith.

SYNTHEON, LLC

By its attorneys,

/s/ Richard J. Yurko

Richard J. Yurko (BBO# 538300)
YURKO, SALVESEN & REMZ, P.C.
One Washington Mall
Boston, MA 02108
(617) 723-6900

Ann Lamport Hammitte (BBO No. 553263)
Thomas P. McNulty (BBO No. 654564)
LANDO & ANASTASI, LLP
One Main Street, 11th Floor
Cambridge, MA  02142
(617) 395-7000

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Pursuant to Local Rule 7.1(A)(2), I hereby certify that I have conferred with counsel for the Defendant in good faith and was unable to resolve or narrow the issues presented by this Motion.

/s/ Douglas W. Salvesen

Dated: January 30, 2017

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and served electronically on all registered participants as identified in the Notice of Electronic Filing (NEF), which includes counsel for all parties.

/s/ Douglas W. Salvesen

Dated: January 30, 2017