UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SYNTHEON, LLC,                               )<br>                                                            )<br>                    Plaintiff,           )<br>v.                                                         )         C.A. NO. 16-10244-ADB<br>                                                            )<br>COVIDIEN AG,                                )<br>                                                            )<br>                    Defendant.       )<br>                                                            ) | | |

**AFFIDAVIT OF DOUGLAS W. SALVESEN, ESQ. IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

I, Douglas W. Salvesen, Esq., depose and state as follows:

1. I am an attorney at Yurko, Salvesen & Remz, P.C. which represents Plaintiff Syntheon, P.C. in this matter. I have personal knowledge of the facts set forth in my Affidavit and could competently testify to them if called as a witness in this matter.

2. Set forth below is Interrogatory No. 7 that was propounded to Defendant Covidien AG in this action and Covidien AG's Response:

INTERROGATORY NO. 7:

State the bases for Covidien's decision to not approve Syntheon's requests to file the January 2016 Patent Applications.

RESPONSE TO INTERROGATORY NO. 7:

Defendant specifically objects to this Interrogatory to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or any applicable privilege or immunity.

Subject to and without waiving the foregoing General and Specific objections, Defendant responds as follows:

Covidien does not believe it is commercially reasonable to file the proposed January 2016 Patent Applications because the claims of the proposed applications are not patentable over known prior art. Additionally, it is not

commercially reasonable to file the proposed January 2016 Patent Applications because the proposed Applications were duplicative of other patents held by Covidien and contained limitations that were not supported by the original specification and therefore, would not provide any additional meaningful patent protection or commercial value to Covidien. For example, the draft claims contain limitations and subject matter that did not appear in any two-stage switch application until October 19, 2012. Therefore, every pending claim in Syntheon's draft application would only be entitled to claim priority to that date, and the prior related published applications, such as the '505 and '545 applications (which published in March 2011 and January 2011, respectively) would be prior art to the proposed claims. Those applications when combined with other art known to Covidien and Syntheon, including other patents and applications in the two-stage switch patent family, would render the claims unpatentable and/or invalid.

Further, Covidien already has seven issued patents and two pending applications directed to various embodiments of the two-stage switch technology, and Covidien does not believe that additional, duplicative patents will provide any additional protection, especially since the proposed Applications would be effectively unenforceable as invalid over the prior art even if they did issue. Covidien also incorporates by reference as set forth fully herein its May 9, 2016 Answer and Affirmative Defenses.

Additionally, pursuant to Fed. Rule Civ. P. 33(d), Plaintiffs may derive or ascertain non-privileged information responsive to this interrogatory from documents produced or to be produced in this matter to the extent such information exists. See, e.g., COV008813 – COV008814; COV008815 – COV008816; COV008866 – COV008867; COV008868 – COV008869; COV008855 – COV008858; COV008870 – COV008874. Covidien is continuing to investigate the subject matter of this interrogatory and reserves the right to supplement its response to the extent it locates any non-privileged, relevant documents or information responsive to this interrogatory in accordance with the procedures and timetables established by the Federal Rules of Civil Procedure, the Court's Local Rules, and the Scheduling Order entered in this Case, and after Covidien has been afforded an adequate opportunity to investigate Syntheon's allegations through discovery in this Case.

Signed under the pains and penalties of perjury this 30th day of January 2017.

/s/ Douglas W. Salvesen

_____

Douglas W. Salvesen

CERTIFICATE OF SERVICE

     I hereby certify that this document was filed through the ECF system and served electronically on all registered participants as identified in the Notice of Electronic Filing (NEF), which includes counsel for all parties.

                                                         /s/ Douglas W. Salvesen

Dated: January 30, 2017