# EXHIBIT B

Amdt. dated December 9, 2013
Reply to Office Action of Sept. 26, 2013

## REMARKS/ARGUMENTS

Applicants have studied the Non-Final Office Action dated September 26, 2013 ("Office Action"), and have made the above amendments and the following remarks.  Claims 16, 19, and 20 have been amended.  No new matter has been introduced.  Reconsideration and allowance of the pending claims are respectfully requested.

The Office Action states that:

1.  (Pgs. 2-3) claims 16 and 20 are rejected under 35 U.S.C. § 102(b) as being anticipated by U.S. Patent Pub. No. 2002/0049464 to Donofrio et al. (hereinafter, "Donofrio"); and

2.  (Pgs. 3-4) claims 1-15 are allowed and claims 17-19 are objected to as being dependent upon a rejected base claims.

## Rejection under 35 U.S.C. § 102

As noted above, the Examiner rejected independent claims 16 and 20 under 35 U.S.C. § 102(b) as being anticipated by Donofrio.  In response, Applicants respectfully disagree that each and every element of the rejected claims is taught by Donofrio.  Therefore, all rejections under §102(b) should be withdrawn.[1]

To briefly review the claimed invention as it currently stands, independent claim 16 recites a surgical device control assembly, comprising:

> a control device operable to carry out at least two operational conditions of the surgical device; and

---

[1]  A rejection under 35 U.S.C. § 102 is proper "only if each and every element as set forth in the claim is found, either expressly or inherently described, in a single prior art reference."  Verdegaal Bros. v. Union Oil Co. of California, 814 F.2d 628, 631, 2 U.S.P.Q.2d 1051, 1053 (Fed. Cir. 1987); MPEP § 2131.  It is well-settled that when rejecting claims under 35 U.S.C. § 102, an Examiner must find that a single prior art reference discloses each and every element of the challenged claim.  In re Donahue, 766 F.2d 531 (Fed. Cir. 1985); Gretchen v. Davidson, 116 F.3d 1454, 1457 (Fed. Cir. 1997).

Amdt. dated December 9, 2013
Reply to Office Action of Sept. 26, 2013

> a two-actuation-position button operatively connected to the control device an
> having a **single actuation member**, a first depressed position of the actuation
> member effecting a first of the at least two operational conditions and a second
> depressed position of the actuation member in substantially the same direction
> effecting a second of the at least two operational conditions that is different from
> the first operational condition. (Emphasis added).

Similarly, independent claim 20 recites in a surgical device, a surgical device control assembly, comprising:

> a control device operable to carry out at least two operational conditions of the
> surgical device; and

> a two-actuation-position button operatively connected to the control device and
> having a **single actuation member**, a first depressed position of the actuation
> member effecting a first of the at least two operational conditions and a second
> depressed position of the actuation member in substantially the same direction
> effecting a second of the at least two operational conditions that is different from
> the first operational condition. (Emphasis added).

To further clarify that the claimed surgical device control assembly comprises a **single** depressible button, claims 16 and 20 have been amended to specifically recite that the two-actuation-position button is comprised of a **single actuation member**.   Support for this amendment is found, for example, in Fig. 55 and in paragraph [00214] of the application as originally filed, a relevant portion thereof is set forth as follows:

> The switch 4736 includes two sub-switches 5502 and 5504.  The sub-switches
> 5502 and 5504 advantageously provide two levels of switching within a **single
> button** 5402.  When the user depresses the plunger 5402 to a first distance, the
> first sub-switch 5502 is activated, thereby providing a first switch output on the
> contacts 5404a-n ... When the plunger 5402 is depressed further, the second sub-
> switch is activated, resulting in a different output on the contacts 5404a-n ...
> (emphasis added).

Based upon this understanding of the claimed invention, it is clear that the embodiment identified in Donofrio by the Examiner in support of the §102 rejection does not teach a two-actuation-position button having just a **single** actuation member.

Amdt. dated December 9, 2013
Reply to Office Action of Sept. 26, 2013

In the Office Action, the Examiner points to the embodiment of the surgical device in Donofrio shown in Figs. 2-2b and argues that these figures disclose "a control device (530) operable to carry out at least two operational conditions ...; and a two-actuation-position **button (270)** operatively connected to the control device, a first depression position (pressing 272) of the button effecting a first of the at least two operational conditions and a second depressed position (pressing 282) of the button in substantially the same direction effecting a second of the at least two operation conditions." Office Action, pp. 3-4 (emphasis added). However, through a close inspection of Fig. 2b (reproduced below) and the corresponding description in Donofrio, part (270) is actually comprised of **two separate** actuation members.

## FIG. 2b



In Donofrio, the switch includes "a **pair** of switch button members 270." Donofrio, ¶ [0029] (emphasis added). "Each switch button member 270 has an upper surface 272 and an opposing lower surface 274." Id. "**First and second posts 276, 278**, respectively, extend outwardly away from the lower surface 274 of the switch button member. The first and second posts 276, 278 are spaced **apart** from one another with a center traverse **wall** being formed **therebetween**." Id. (emphasis added). "The upper surface 272 includes a first raised section 282 and a second raised section 284 **spaced therefrom** with a center recessed section 286 being formed therebetween."

Amdt. dated December 9, 2013
Reply to Office Action of Sept. 26, 2013

Id. (emphasis added). "[W]hen a user presses downwardly upon the first raised section 282, the first post 276 is also directed downward. Similarly, when the switch is pressed downwardly upon the second raised section 284, the second post 278 is directed downward." Id. Accordingly, "[e]ach switch button member 270 has **two switch sites**." Id. at ¶ [0030] (emphasis added). "[T]he first raised section 282 and the first post **276** are associated with a **first switch site** and the second raised section 284 and the second post **278** are associated with a **second switch site**." Id. (emphasis added). "In one exemplary embodiment, the first switch site is a maximum power setting (MAX) and the second switch setting is an intermediate power setting which can include a minimum (MIN)." Id.

Therefore, in stark contrast to claims 16 and 20 of the present application, in the embodiment of <u>Donofrio</u> cited by the Examiner, the user cannot carry out **two** different operational conditions (e.g., MAX and MIN power settings) by pressing just a **single** activation member of the button member to a first or second depressed position. The user must choose between two separate activation members by pressing either the distally positioned first raised section (282) or the proximally positioned second raised section (284), which are located separate from one another.

Accordingly, based on at least the foregoing reasons, independent claims 16 and 20 distinguish over <u>Donofrio</u>.

## **Allowable Subject Matter**

Applicants appreciatively acknowledge the indication that claims 17-19 contain allowable subject matter. In light of the above, Applicants respectfully decline to amend the claims based on the allowable subject matter at this time.

## CONCLUSION

In this Response, Applicants have amended certain claims.  In light of the Office Action, Applicants believe these amendments serve a useful clarification purpose, and are desirable for clarification purposes, independent of patentability.  Accordingly, Applicants respectfully submit that the claim amendments do not limit the range of any permissible equivalents.  Applicants respectfully submit that all of the grounds for rejection stated in the Office Action have been overcome and respectfully request allowance of the present application.

Although the present communication may include alterations to the application or claims, or characterizations of claim scope or referenced art, Applicants are not conceding in this application that previously pending claims are not patentable over the cited references.  Rather, any alterations or characterizations are being made to facilitate expeditious prosecution of this application.   Applicants reserve the right to pursue at a later date any previously pending or other broader or narrower claims that capture any subject matter supported by the present disclosure, including subject matter found to be specifically disclaimed herein or by any prior prosecution.  Accordingly, reviewers of this or any parent, child or related prosecution history shall not reasonably infer that Applicants have made any disclaimers or disavowals of any subject matter supported by the present application.

It is believed that no fee is due.  However, if any fees are due with respect to Sections 1.16 or 1.17, or that are otherwise due at any time during the pendency of this application, please charge to the deposit account of Acct. No. 503,836.

Amdt. dated December 9, 2013
Reply to Office Action of Sept. 26, 2013

**PLEASE  CALL**  the  undersigned  if  that  would  expedite  the  prosecution  of  this application.

Respectfully submitted,

Date: December 9, 2013            By:    /Rebecca A. Tie/
                                         Rebecca A. Tie, Esq.
                                         USPTO Reg. No. 62,095
                                         Gregory L. Mayback, Esq.
                                         USPTO Reg. No. 40,719
                                         Attorneys for Applicants

**Mayback
& Hoffman,** P.A.
5722 S. Flamingo Rd. #232
Ft. Lauderdale, FL  33330
Office:  954.704.1599
Fax:     954.704.1588