UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SYNTHEON, LLC,                         )<br>                                        )<br>            Plaintiff,                 )<br>v.                                      )     C.A. NO. 16-10244-ADB<br>                                        )<br>COVIDIEN AG,                            )<br>                                        )<br>            Defendant.                  )<br>                                        ) | |

**PLAINTIFF SYNTHEON, LLC'S RESPONSE TO
DEFENDANT'S STATEMENT OF ADDITIONAL MATERIAL FACTS**

To the extent that Plaintiff Syntheon, LLC ("Syntheon") is required to respond to additional facts that Defendant Covidien AG ("Covidien") has included in its Response to Statement of Material Facts (Docket No. 72), Syntheon states as follows:

No Material Facts: The statements set forth in Paragraphs 46-72, 81-89, 93, 100, and 111-116 describe in some manner the disagreements between Syntheon and Covidien concerning the existing '358 Patent Application and the existing '042 Patent Application. These statements alleged facts (some of which are undisputed and some of which are disputed) that are not "material" to any of the matters to be decided by the Court on Syntheon's Motion for Partial Summary Judgment, that is, whether Covidien's refusal to permit Syntheon to file certain *new* patent applications was unreasonable. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (material fact is one that "might affect the outcome of the suit under the governing law. ... Factual disputes that are irrelevant or unnecessary will not be counted").

Legal Argument: The statements set forth in Paragraphs 76-78, 92 of Covidien's Response to Statement of Material Facts are assertions of legal argument and do not contain any

factual statements and so no response is required of Syntheon. Similarly, the statements in Paragraphs 101-106, and 109-110, which may contain a fact morsel, are unfounded legal conclusions that are refuted in the Plaintiff's Reply Memorandum.

<u>Inadmissible Hearsay</u>: The statements set forth in Paragraphs 80 and 117-120 contain inadmissible hearsay. <u>See</u> Fed. R. Evid. 801(c). Such statements cannot be considered by the Court when it decides Syntheon's Motion. <u>Evergreen Partnering Grp., Inc. v. Pactiv Corp.</u>, 832 F.3d 1, 12 (1st Cir. 2016) ("It is black-letter law that hearsay evidence cannot be considered on summary judgment for the truth of the matter asserted") (citations omitted).

<u>Factual Statements Admitted</u>: For the purposes of the Court's consideration of Syntheon's Motion for Partial Summary Judgment, Syntheon admits that portion of Paragraphs 73-75, 79, 86, 90-91, 107 and 108 of Covidien's Response to Statement of Material Facts that contain statements of fact.

        SYNTHEON, LLC

        By its attorneys,

        /s/ Richard J. Yurko
        _____
        Richard J. Yurko (BBO# 538300)
        Douglas W. Salvesen (BBO# 550322)
        Anthony B. Fioravanti (BBO# 664823)
        YURKO, SALVESEN & REMZ, P.C.
        One Washington Mall
        Boston, MA 02108
        (617) 723-6900

Dated: April 6, 2017

CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and served electronically on all registered participants as identified in the Notice of Electronic Filing (NEF), which includes counsel for all parties.

/s/ Douglas W. Salvesen

Dated: April 6, 2017