**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SYNTHEON, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| COVIDIEN AG, | ) |
| | ) |
| Defendant. | ) |
| | ) |

C.A. NO. 16-10244-ADB

## PLAINTIFF'S REQUEST FOR ORAL ARGUMENT AND, IF NECESSARY, EXPEDITED TRIAL

Pursuant to Local Rule 7.1, Plaintiff Syntheon, LLC requests that the Court schedule oral argument at the Court's earliest convenience on the Plaintiff's Motion for Partial Summary Judgment on the Plaintiff's contractual right to file two proposed Patent Applications with the U.S. Patent Office. In the event that the Court denies the Motion, Plaintiff requests that the Court schedule an expedited trial on this issue. As grounds for this Motion, which are explained more fully below, the issue concerning the right to the Patent Applications should be resolved soon since the window for filing the Patent Applications will close in a matter of months by reason of the "copendency" requirement in patent law. See 35 U.S.C. § 120.

## Background Of Action.

This action concerns technology conceived and developed by Syntheon for an ultrasonic scalpel. Unlike a traditional scalpel that is little more than a sharp knife, modern medical devices are multi-purpose instruments. An ultrasonic scalpel includes two thin jaws that are capable of grasping onto tissue. Once the tissue is properly secured, the scalpel produces ultrasonic vibra-tions that, at various frequencies, can either cut or cauterize the tissue. An ultrasonic scalpel is often used in a laparoscopic surgery where the surgeon views the operation via a video monitor.

One of Syntheon's innovations was to permit the surgeon to control multiple functions of the scalpel with a single "two-stage" switch. The two-stage switch permits the user of the scalpel to easily perceive, via tactile feedback, two distinct levels or stages as the switch is being used. A surgeon using a scalpel, or other medical device, with the switch can consciously and intuitively operate the device between two conditions corresponding to the two stages of the switch with less need to divert his or her attention from the video moitor.

After purchasing Syntheon's technology in 2008, Defendant Covidien AG copied Syntheon's innovation. Covidien placed the very <u>same</u> two-stage switch into its newly-developed medical device, the LigaSure™ Small Jaw Open Instrument. In the LigaSure™ Small Jaw, the tactile feedback of the two-stage switch allows a surgeon using the scalpel to consciously and intuitively operate it between two stages: grasping/clamping the blood vessels and activating the scalpel's energy to dissect and ligate the vessels.

### Syntheon's Motion For Partial Summary Judgment <br> <u>To Exercise Its Contractual Right To File Patent Applications.</u>

Under the parties' agreements, Covidien must pay royalties on sales of its products that are covered by any patents on the Syntheon technology issued by the Patent Office in the U.S. and other countries. Covidien also has an ongoing contractual obligation to file patent applications, including any applications that cover modifications or improvements to the technology claimed in previously issued patents, even when those patents would result in Covidien having to pay additional royalties to Syntheon. The parties' agreements provide that if Covidien declines to file any patent application, Syntheon has the right to file the application with Covidien's approval, which may not be unreasonably withheld. This provision ensures that Covidien cannot refuse to file a patent application to avoid having to pay royalties.

Since purchasing the initial patent applications and other intellectual property from Syntheon in December 2008, Covidien has filed and prosecuted numerous divisional patent applications and continuations-in-part applications in this patent family, expanding the scope of its intellectual property rights. It has obtained seven patents relating to the Two-Stage Switch Technology as it continues to be improved and refined by Syntheon.

In 2015 and 2016, Syntheon proposed to further expand the scope of the patent coverage for the Two-Stage Switch Technology and requested that Covidien file two continuation patent applications. After Covidien refused to file the applications, Syntheon requested that Covidien allow Syntheon to file the applications itself, at Syntheon's own cost. After Covidien denied that request, Syntheon filed this action claiming, *inter alia*, that Covidien's refusal was unreasonable and a violation of its contractual obligations.

On January 30, 2017, Syntheon filed a Motion for Partial Summary Judgment seeking to enjoin Covidien from interfering unreasonably in the filing and prosecution of the two proposed patent applications. On March 7, 2017, Covidien filed its Opposition to the Motion for Partial Summary Judgment. As a consequence of the "copendency" requirement of patent law, 35 U.S.C. § 120, described below, if the Court does not act on Syntheon's request for relief in the next few months, the patent applications may be rejected in the future as a result of that delay.

## The "Copendency" Requirement Of 35 U.S.C. § 120.

To assess whether an invention described in a patent application is novel, the Patent Office compares it against relevant prior art in existence before the priority[1] date of the application. Obtaining the earliest priority date for an application can be extremely advantageous since

---

[1] The priority date for a patent application is generally the date when the specification and any drawings are filed with the Patent Office. See 37 C.F.R. § 1.53.

it will define which prior art references can be considered by the Patent Office when determining whether the claims in the application are novel and non-obvious, and may be granted. The earlier the priority date, the less prior art the Patent Office will consider.

Under certain circumstances, a patent application may obtain the benefit of the priority date of an earlier-filed application, sometimes referred to as the "parent application." There are a number of requirements that must be satisfied in order for a later-filed application to claim the benefit of the priority date of the parent application.[2] See 35 U.S.C. §§ 120-121. One necessary requirement is that the later-filed application must be filed while the immediate parent application is still pending, that is, before the parent application is abandoned or the Patent Office issues a patent on the parent application. This requirement is known as "copendency."

The two proposed Patent Applications that are the subject of the Plaintiff's Motion for Partial Summary Judgment will claim an earlier priority date through two currently pending patent applications: Divisional Application No. 14/231,042 (the '042 Application) and Continuation-in-Part Application No. 14/607,358 (the '358 Application). These applications claim priority to earlier applications, their so-called parent applications. After the parent applications issued as patents, Covidien discovered a problem with the priority claims of these parent applications (and earlier patents in the chain). Steps have been taken with the Patent Office to correct these problems; it is believed that the problems will be resolved, though the issue is currently still pending.

---

[2]  There can be multiple patents related in such a way, each patent claiming the priority date of an earlier-filed application such that a family tree (of sorts) is created linking the patents to one another. See In re Henriksen, 399 F.2d 253, 254 (C.C.P.A. 1968) (holding that there is no limit to the number of simultaneously pending patents stemming from a parent, which the court terms "chain of copendency").

Both the '042 Application and the '358 Application were allowed by the Patent Office, though patents have not yet issued and the priority problems caused by Covidien's prosecution errors are still being resolved. The '042 Application was allowed on January 20, 2017 and the '358 Application was allowed on March 29, 2017. On March 31, 2017, Covidien filed a Request for Continued Examination to, in effect, reopen the prosecution of the '042 Application to allow the Office of Petitions consider Covidien's request to address and correct the priority issues.

According to an Applicant-Initiated Interview Summary filed on April 13, 2017, Covidien's patent counsel has discussed both the '358 and '042 Applications with the patent examiner for the '358 Application. In the written Summary, the patent examiner states that the examiner's supervisor would withdraw the Notice of Allowability for the '358 Application and would suspend the prosecution of the '042 Application. On April 14, 2017, the Patent Office suspended the prosecution of the '042 Application. Consequently, it is believed that the prosecution of both pending applications is currently suspended for a period of three months.

Once the priority issue for these pending applications is resolved, the applications will again be allowed and the patents will issue upon payment of a fee. If the patents issue before Syntheon is permitted to file the two proposed Patent Applications that are the subject of the Motion for Partial Summary Judgment, Syntheon will not be able to claim an earlier priority date for these Applications. Syntheon believes that the proposed Patent Applications would be entitled to a priority date at least as early as August 26, 2009, which can only be claimed if the Proposed Applications are filed while the '358 and/or '042 Applications remain pending.  If the proposed Patent Applications are not filed while the '042 Application and the '358 Application are still pending (that is, if the proposed Patent Applications are not "co-pending" with the '042 and '358 Applications) and do not receive the benefit of their earlier priority dates, the proposed Patent Applications will likely be denied.

- 5 -

If the Court is to find that Syntheon is entitled to the relief it seeks through the Motion for Partial Summary Judgment, the proposed Patent Applications should not be placed at risk, unnecessarily, from a delay that can be avoided.

Therefore, Syntheon requests that the Court enter an Order that:

1. That oral argument on the Plaintiff's Motion for Partial Summary Judgment be scheduled at the Court's earliest convenience;

2. That following the argument, if the Court denies the Plaintiff's Motion for Partial Summary Judgment, a trial on the issues raised by the Motion be scheduled on an expedited basis; and

3. That Defendant Covidien AG be required to notify the Court promptly if the Patent Office allows either the '042 Application or the '358 Application, and be enjoined from paying the issue fee for either application or from otherwise interfering in the pendency of these applications until further order of the Court.

SYNTHEON, LLC

By its attorneys,

/s/ Douglas W. Salvesen
_____
Richard J. Yurko (BBO# 538300)
Douglas W. Salvesen (BBO# 550322)
YURKO, SALVESEN & REMZ, P.C.
One Washington Mall
Boston, MA 02108
(617) 723-6900

Ann Lamport Hammitte (BBO No. 553263)
Thomas P. McNulty (BBO No. 654564)
LANDO & ANASTASI, LLP
One Main Street, 11th Floor
Cambridge, MA  02142
(617) 395-7000

Dated: April 24, 2017

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Pursuant to Local Rule 7.1(A)(2), I hereby certify that I have conferred with counsel for the Defendant in good faith and was unable to resolve or narrow the issues presented by this Motion.

/s/ Douglas W. Salvesen

_____

Dated:  April 24, 2017

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and served electronically on all registered participants as identified in the Notice of Electronic Filing (NEF), which includes counsel for all parties.

/s/ Douglas W. Salvesen

_____

Dated:  April 24, 2017