UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SYNTHEON, LLC,<br><br>            Plaintiff,<br><br>v.<br><br>COVIDIEN AG,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)   C.A. NO. 16-10244-ADB<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S OBJECTONS TO HEARSAY STATEMENTS
IN SUMMARY JUDGMENT RECORD AND MOTION TO STRIKE**

Pursuant to Fed. R. Civ. P. 56(c)(2), Plaintiff Syntheon, LLC ("Syntheon") formally objects to hearsay statements asserted by Defendant Covidien AG in its Opposition to Plaintiff's Motion for Partial Summary Judgment ("Opposition") and requests that the Court strike such statements from the summary judgment record.[1] Specifically, Syntheon requests that the Court strike Paragraphs 12 and 13 of the Declaration of Joseph O. McPartland, Esq. (Docket No. 75) in which Mr. McPartland purports to repeat oral statements made to him by a person at the Patent Office:

> 12.   During the conversation, the Patent Office explained the Petitions in the '042 and '358 Applications were dismissed because the priority claims of intervening patents in the two-stage switch patent family – i.e. the '199, '269, 436, and '437 Patents – are incorrect and that the PTO cannot grant the Petitions in the '042 and '358 Applications until: (1) the priority claims in the intervening patents are corrected through the reissue process and (2) the corrected intervening patents are reissued.
>
> 13.   The Patent Office recommended that Covidien request that the PTO suspend prosecution of any affected already-allowed applications, including the '042 and '358 Applications, before they issue with defective priority claims,

---

[1] Syntheon has discussed these hearsay statements in its Reply Memorandum filed on April 4, 2017 (Docket No. 84). Syntheon files this Motion, not to expand the filings presented to the Court, but simply to formalize its objections to the statements in accordance with Fed. R. Civ. P. 56(c)(2).

until the priority claims have been corrected in the reissued intervening patents. The Patent Office further recommended that, after the priority claims have been corrected in the reissued intervening patents, petitions be filed in the '042 and '358 Applications themselves to correct their priority claims.[2]

Syntheon also seeks to strike Exhibits 10 and 11 to the Declaration of Matthew Satchwell, Esq. (Docket No. 73), which are communications between counsel of record that repeat the hearsay statements referenced in Mr. McPartland's Declaration.

### In Deciding A Summary Judgment Motion, The Court May Not Consider Evidence That Would Not Be Admissible At Trial, Such As Hearsay.

Only evidence that would be admissible at trial may be considered in connection with a motion for summary judgment. See Fed. R. Civ. P. 56(c). Affidavits that are submitted in opposition to a Rule 56 motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." See Fed. R. Civ. P. 56(c)(4). A party may object to an affidavit and seek to strike any portion that is not presented in a form that would be admissible in evidence. See Fed. R. Civ. P. 56(c)(2). See also Evergreen Partnering Grp., Inc. v. Pactiv Corp., 832 F.3d 1, 12 (1st Cir. 2016) ("It is black-letter law that hearsay evidence cannot be considered on summary judgment for the truth of the matter asserted") (citations omitted); Asociacion De Periodistas De P.R. v. Mueller, 680 F.3d 70, 78-79 (1st Cir. 2012) (only admissible evidence and evidence that could be used at trial may be considered for summary judgment).

---

[2] These paragraphs from the Declaration of Joseph O. McPartland, Esq. are also repeated and set forth in the Defendant's Statement of Additional Material Facts at ¶¶ 118-119, which should also be stricken by the Court.

**The Statements Alleged Between Covidien's Attorneys And An
Unnamed Person At The Patent Office Are Inadmissible Hearsay.**

The oral statements allegedly made to Mr. McPartland by an unnamed person at the Patent Office are textbook examples of hearsay. See Fed. R. Evid. 801 (hearsay is "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement"). Covidien seeks to introduce the hearsay statements to establish the Patent Office's position with respect to the matters before the Court. Covidien argues that the Patent Office has "stated" that the relief that Syntheon seeks through the Motion for Partial Summary Judgment "may not be done unless and until the priority claims are corrected" (Opposition at 8); that the Patent Office, without ever seeing the proposed Patent Applications, has "endorsed" Covidien's contention they are "legally deficient" (Opposition at 1); that the Patent Office has "acknowledged" that Syntheon's proposed claims are unpatentable (Opposition at 11); and that the Patent Office had made it "explicitly clear" that the Patent Applications cannot be filed as written (Opposition at 15). Where Covidien seeks to introduce the hearsay statements to prove that the Patent Office has determined that it would disallow the proposed Patent Applications, such statements cannot be considered by the Court. Davila v. Corporacion de P.R. Para La Difusion Publica, 498 F.3d 9, 17 (1st Cir. 2007) ("It is black-letter law that hearsay evidence cannot be considered on summary judgment").

2. **The Alleged Oral Statements Should Be Rejected Where They Would Violate The Patent Office's Regulation Requiring That All Business With The Patent Office Be Conducted In Writing.**

The Court should also strike the hearsay statements because they are inherently unreliable. Contrary to Covidien's assertions, the Patent Office does not provide patent applicants with "recommendations," "endorsements," or "acknowledgements" by telephone conversations. By

regulation, 37 C.F.R. § 1.2, all business with the Patent Office is to be conducted in writing and the Patent Office bases all action exclusively on that written record. The regulation provides:

> All business with the Patent and Trademark Office should be transacted in writing. … The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

37 C.F.R. § 1.2. Cf. Manual of Patent Examining Procedure § 713.04 (2015) ("A complete written statement as to the substance of any in-person, video conference, electronic mail, telephone interview, or electronic message system discussion with regard to the merits of an application must be made of record in the application, whether or not an agreement with the examiner was reached at the interview").

Where the Patent Office is required to act exclusively on a written record, the Court must reject Covidien's assertions that are based, not on the written record, but on an alleged oral conversation. The Li Second Family Limited Partnership v. Toshiba Corp., 231 F.3d 1373, 1379 (Fed. Cir. 2000) (affirming finding that patent attorney's testimony of alleged oral statements by patent examiner was not credible where statements were not part of the written record before the Patent Office), cert. denied, 533 U.S. 929 (2001).

## **CONCLUSION**

For the reasons stated above, the Court should strike Paragraphs 12 and 13 of Mr. McPartland's Declaration and all of the portions of the Defendant's Statement of Additional Material Facts and Opposition that rely on it.

                        SYNTHEON, LLC

                        By its attorneys,

                        /s/ Richard J. Yurko

                        Richard J. Yurko (BBO# 538300)
                        Douglas W. Salvesen (BBO# 550322)
                        Anthony B. Fioravanti (BBO# 664823)
                        YURKO, SALVESEN & REMZ, P.C.
                        One Washington Mall
                        Boston, MA 02108
                        (617) 723-6900

Dated:  April 24, 2017

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Pursuant to Local Rule 7.1(A)(2), I hereby certify that I have conferred with counsel for the Defendant in good faith and was unable to resolve or narrow the issues presented by this Motion.

/s/ Douglas W. Salvesen

Dated:  April 24, 2017

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and served electronically on all registered participants as identified in the Notice of Electronic Filing (NEF), which includes counsel for all parties.

/s/ Douglas W. Salvesen

Dated: April 24, 2017