# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SYNTHEON, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action NO. 16-10244-ADB |
| | ) | |
| COVIDIEN AG, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT COVIDIEN AG'S OPPOSITION TO PLAINTIFF'S REQUEST FOR ORAL ARGUMENT AND, IF NECESSARY, EXPEDITED TRIAL

Defendant Covidien opposes Plaintiff's Request for Oral Argument and, If Necessary, Expedited Trial, Dkt #90 (the "Request"). While Covidien's counsel would be happy to argue in opposition to Plaintiff's pending motion for partial summary judgment (the "Motion"), Covidien does not believe oral argument on the Motion is necessary, as the record is replete with factual disputes that can only be resolved at trial. Oral argument would be a waste of time and resources, and would only delay the inevitable trial. As for the trial, there are at least three reasons why the Court should not deviate from the schedule it previously established in order to hold an "expedited" partial trial as requested by Syntheon: (i) There is no basis for the request. Syntheon is simply wrong in its assertion that its window for filing the two proposed patent applications which are the subject of the Motion "will close in a matter of months by reason of the 'copendency' requirement in patent law." *See* Request at 1. There is no imminent risk that Syntheon will lose any right it may have. (ii) If there were a risk, Covidien, as it has told

Syntheon's counsel, would enter into an agreement with Syntheon and take such steps as may be necessary to protect Syntheon against any potential copendency problem.  (iii) The issue that would be resolved through the requested "expedited trial" would not resolve the entire case.  It would merely resolve the issue raised by Syntheon's motion for *partial* summary judgment.  The interest of the Court and the parties in judicial efficiency and economy strongly counsel against the piecemeal resolution of issues in this case.  In further response to Plaintiff's Request, Covidien states:

1.      Plaintiff's Request is a thinly disguised and improper effort to reargue its Motion. Rather than request oral argument in the Motion itself—as  is standard—or at the end of its initial memorandum in support of the Motion, or at the end of its Reply brief, Plaintiff chose to file its Request as a belated, stand-alone document.  And while a simple Local Rule 7.1 request for oral argument would have sufficed, Plaintiff fills its request with inflammatory, self-serving, and false assertions regarding the merits of the case.  None of the assertions come with citations to the factual record.  Nor could they since the assertions merely restate the allegations in Plaintiff's Complaint, none of which have gained support or traction during discovery.  Here, Covidien will resist the temptation to respond to the assertions point by point, as they are irrelevant to Plaintiff's requests.  Let it suffice to say Covidien's silence here regarding the Request's false and unsupported contentions of "fact" should not be read as acquiescence.

2.      The oral argument requested by Plaintiff is unnecessary, because, as set forth in Covidien's Opposition (Dkt #71) and Sur-reply (Dkt #88) memoranda, the issue on which Plaintiff seeks partial summary judgment is fact intensive, and the record bearing on the issue includes numerous genuine disputes of material fact.  No amount of oral argument is going to resolve those factual disputes.  A trial will be necessary.  Indeed, Plaintiff at least implicitly

appears to recognize the need for a trial as evidenced by its "alternative" request for an expedited trial on the issue raised by its Motion.

3.      While a trial on the issue raised by the Motion is inevitable, there is no reason to separate that issue out for special treatment and hold an "expedited" trial on that issue alone. Doing so would be a waste of the parties' and the Court's time and resources, and would be antithetical to the public's interest in judicial efficiency and economy.

4.      The ground presented by Plaintiff for its request to try the case piecemeal, and separate out the issue raised by the Motion for "expedited" treatment, is an example of the boy who cried wolf. Plaintiff asserts that because of the "copendency" requirement of patent law, unless the issue raised by its Motion is decided within the next "few months," Plaintiff will forever lose whatever right it may have to pursue the two patent applications which are featured in its Motion. Simply put, Plaintiff is wrong. There is no such risk.

5.      As the parties' competing Rule 56 statements (Dkt ##54 & 72) as well as their memoranda on the Motion all make clear, there are seven "parent" patents that have previously issued in the so-called "two stage switch" family in which Plaintiff's two proposed patent applications would be "children." In addition, there are three separate pending patent applications (the '042 and '358 applications referenced in the Request as well as patent application 14/694751 (MDT File No. H-EB-00284USCIP13CON)) each of which is or could readily be construed as a "parent" to Plaintiff's two proposed applications, and each of which awaits action by the PTO. Covidien represents that the chance of all three of these parent patents issuing within the next year, let alone the next "few months" as Syntheon suggests could happen, is close to zero. In other words, the risk of there being no "copending" parent patent application

in the two-stage family at such time as there is a final resolution on the issue raised by the Motion is infinitesimal.

6.      To the extent there is any chance that Plaintiff would ever be barred by the copendency rule from pursuing its two proposed applications, Covidien will take such steps as are necessary, including suspending pending applications or delaying payment of issuance fees, in order to keep at least one parent application pending until such time as the issue raised by the Motion is resolved.  In fact, during the meet and confer process before Plaintiff filed the Request, Covidien's counsel informed Syntheon's counsel that Covidien would work with Syntheon to make sure lack of copendency would never be the death-knell of Plaintiff's two proposed patent applications.  Still, Syntheon chose to jump the gun and file the Request claiming copendency as an issue even though it knew or should have known the claim to be false.

7.      In the Request, Plaintiff asks that Covidien "be enjoined from paying the issue fee for either [the '042 or '358] application or from otherwise interfering in the pendency of these applications" before the issue of Plaintiff's right, if any, to file the two proposed applications is resolved by the Court.  *See* Request at 6.  But there is no need for any such injunction, because as discussed above there is no risk of lack of copendency  becoming an issue anytime soon, and even if there were a risk, Covidien has made clear that it will voluntarily take such steps as may be necessary to eliminate the risk.

WHEREFORE, Plaintiff's request for oral argument on its pending motion for partial summary judgment, as well as its alternative request for an expedited trial on the issue raised by the partial summary judgment motion, should both be denied.

Date:  May 8, 2017

Respectfully Submitted,

COVIDIEN AG,

By its attorneys,

/s/ David J. Apfel
David J. Apfel (BBO No. 551139)
dapfel@goodwinlaw.com
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA  02210
Tel: 617.570.1970
Fax: 617.523.1231

Matthew D. Satchwell
Illinois Bar No. 6290672
matthew.satchwell@dlapiper.com
Ferlillia V. Roberson
Illinois Bar No. 6296432
ferlillia.roberson@dlapiper.com
DLA PIPER LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601-1293
Tel: 312.368.4000
Fax: 312.236.7516

Drew M. Wintringham, III
drew.wintringham@dlapiper.com
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: 212.335.4500
Fax: 212.335.4501

<u>CERTIFICATE OF SERVICE</u>

I, David J. Apfel, hereby certify that I have this day, May 8, 2017, electronically served the above Opposition through the ECF system on all counsel of record identified on the Notice of Electronic Filing (NEF).  A paper copy of the Opposition shall be served by mail on all counsel of record not identified on the NEF.

*/s/ David J. Apfel*
David J. Apfel (BBO #551153)