UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

———————————————————
)
SYNTHEON, LLC,                            )
                                          )
                    Plaintiff,            )
                                          )        C.A. NO. 16-10244-ADB
v.                                        )
                                          )
COVIDIEN AG,                              )
                                          )
                    Defendant.            )
———————————————————)

**NON-PARTY CARTER, DELUCA, FARRELL & SCHMIDT LLP'S MEMORANDUM
OF LAW IN OPPOSITION TO PLAINTIFF SYNTHEON, LLC'S MOTION TO
<u>COMPEL NON-PARTY CARTER, DELUCA, FARRELL & SCHMIDT LLP</u>**

Non-party Carter, DeLuca, Farrell, & Schmidt LLP ("Carter DeLuca") respectfully

submits this memorandum of law in opposition to Plaintiff Syntheon LLC's ("Syntheon")

Motion to Compel and accompanying Memorandum in Support ("Motion to Compel") (Dkts.

102 & 103).

I.      <u>INTRODUCTION</u>

        The subpoena at issue here stems from an underlying contractual dispute between

Syntheon and Covidien AG (collectively, "the parties") currently being litigated before this

Court.  That dispute revolves around a 2008 Asset Purchase Agreement ("APA") that governed

the sale of certain intellectual property rights and payment of royalties between the parties.

Despite Syntheon's accusatory rhetoric, Carter DeLuca is a party to neither the APA, nor the

underlying litigation between the parties; Carter DeLuca is Covidien's patent prosecution

counsel.  Apparently unsatisfied with the discovery it sought or obtained from Covidien during

the fact discovery period in this case, Syntheon now seeks to improperly elicit privileged

information (in the form of both documents and deposition testimony) from Carter DeLuca. Despite Carter DeLuca's status a bystander, Syntheon served on Carter DeLuca a subpoena for documents and deposition testimony that primarily targets information that is either privileged or would have been more readily attainable from Covidien or other public sources.  Now, months after the close of fact discovery, Syntheon asks this Court to enforce this overbroad and unduly burdensome subpoena.

When Carter DeLuca informed Syntheon that its request encompassed documents already produced by Covidien, Syntheon proposed that Carter DeLuca de-duplicate its production against those documents already produced by Covidien—a process that would cost Carter DeLuca tens of thousands of dollars.  Similarly, when Carter DeLuca informed Syntheon that it anticipated that any responsive documents would be privileged, Syntheon stated that it would be satisfied if all it received from Carter DeLuca at the end of this process was a privilege log (and no actual documents).  Why Syntheon thinks it is permissible to burden a non-party nearly three months after discovery in the underlying litigation has apparently closed just to obtain, for example, a privilege log and copies of documents it likely could have earlier obtained from a party or public sources, is unclear.  Rule 45 imposes an affirmative burden on Syntheon and its lawyers, stating in no indefinite terms that "a party or attorney responsible for issuing a subpoena *must* take reasonable steps to avoid imposing undue burden or expense" on a non-party.  Fed. R. Civ. P. 45(d)(1) (emphasis added).

Despite the fact that Syntheon's subpoena was deficient from the outset,[1] Carter DeLuca sought to work with Syntheon to understand exactly what Syntheon sought from Carter DeLuca that was not privileged.  It quickly became evident, however, that Syntheon was seeking the

---

[1] *See* discussion *infra* at § II.A & n.4.

production of *both* privileged and non-privileged documents and testimony, on the basis that Covidien had allegedly waived privilege.  Unsurprisingly, Covidien disputes that there was any waiver of privilege.  Covidien's position, coupled with Syntheon's refusal to identify the scope and basis for the purported waiver, left Carter DeLuca at an impasse with no choice other than to continue to strenuously assert privilege on behalf of its client, Covidien.

Carter DeLuca respectfully requests that the Court deny Syntheon's motion on the basis that compliance with the subpoena would impose an undue burden on Carter DeLuca. Alternatively, given the substantial delays orchestrated by Syntheon thus far in the handling of this subpoena, Carter DeLuca respectfully requests that the Court deny Syntheon's Motion to Compel as untimely.

II.     FACTUAL BACKGROUND

A.     Syntheon's Subpoena to Non-Party Carter DeLuca

On April 12, 2017, Syntheon served a subpoena on non-party Carter DeLuca seeking both deposition testimony and production of documents.  Dkt. 103-1.  The subpoena identifies nineteen broad deposition topics and six categories of documents.  The majority of the deposition topics and document categories relate to Carter DeLuca's prosecution of the so-called "Two Stage Patent Switch Family," Dkt. 103-1 at 5, ¶ 4,[2] on behalf of Covidien, including, in many cases "all communications" related thereto, *id.* at 6-8, ¶¶ 4, 6, 8, 10, 13, 15.  The subpoena directly references, and attaches copies of, the declarations of Stephen B. Perkins, Associate General Counsel, IP, at Medtronic, the ultimate parent of Defendant Covidien AG ("Perkins

---

[2] Carter DeLuca recognizes that several docket entries cited herein contain multiple sub-documents, each with their individual page numbering schemes, while others do not start at page one.  *See, e.g.,* Dkt. 103-1.  Accordingly, when citing to pages within docket entries, Carter DeLuca is referring to the page numbers as they appear at the top of the page when viewing the document on the Court's ECF system.

Declaration") and Joseph O. McPartland, an attorney at Carter DeLuca, ("McPartland Declaration") filed by Covidien in connection with the litigation. *Id.* at 5, ¶¶ 5-6; *id.* at 10-24.

In one particularly overbroad deposition topic, Syntheon seeks all of Carter DeLuca's "formal or informal policies, procedures, and/or general practices relating to the prosecution of patent applications and related patent portfolio," including identification of "*each instance*" in which Carter Deluca performed a number of routine patent prosecution tasks. Dkt. 103-1 at 8, ¶ 19 (emphasis added). This request was not tied to Carter Deluca's prosecution of the patents at issue in the underlying litigation and would encompass each of the thousands of times any attorney at Carter DeLuca—a firm specializing in patent prosecution—has, for example "met with or requested a meeting with a patent examiner to discuss prior art," "filed a Request for Continued Examination ('RCE')," or "filed an Information Disclosure Statement ('IDS') disclosing prior art references." *Id.*

Notably, although the subpoena was not served until April 12, 2017, it specified a compliance date of April 7, 2017. Syntheon claims this was a typographical error and that the deposition of Carter DeLuca was "scheduled to go forward on April 21, 2017," Dkt. 103 at 14, however Syntheon never informed Carter DeLuca of this "typographical error", nor did Syntheon make any attempt to correct the error. April 21, 2017, came and went without Syntheon contacting counsel for Carter DeLuca. Indeed, the first time counsel for Syntheon contacted counsel for Carter DeLuca was on April 25, 2017. *See* Modi Aff., ¶ 8, Ex. B.[3] Syntheon appeared to be in no rush, despite the impending close of fact discovery, suggesting on April 27, 2017 (one day prior to the close of discovery) that they discuss Carter DeLuca's objections toward "the middle to the end of the [following] week." *Id.*

---

[3] Citations to "Modi Aff." are to the Affadavit of Naveen Modi in Support of Non-Party Carter, DeLuca, Farrell & Schmidt LLP's Opposition to Plaintiff Syntheon LLC's Motion to Compel.

B.    Carter DeLuca's Response to the Subpoena and Attempts to Meet and Confer

Carter DeLuca timely served objections to Syntheon's subpoena on April 26, 2017.  Dkt.

103-2.  Despite the defective subpoena,[4] Carter DeLuca offered to meet and confer with

Syntheon to try to resolve those objections.  Dkt. 103-2 at 2-3, ¶ 2.  Although Carter DeLuca

offered to provide a witness and/or produce documents in response to Syntheon's subpoena, this

offer was *expressly contingent* on Carter Deluca "reach[ing] agreement [with Syntheon] on the

appropriate scope of any such deposition and/or document production."  *Id.*

In parallel, Carter DeLuca conducted a reasonable, good-faith search for responsive

documents and reviewed representative samplings of potentially responsive documents from a

number of custodians.  This review confirmed that, as Carter DeLuca expected and subsequently

informed Syntheon, the vast majority of the responsive documents in Carter DeLuca's

possession were privileged.  To the extent such documents were not privileged, they largely

consisted of information that would have been available from Covidien during party discovery or

from public sources, such as the U.S. Patent and Trademark Office.  *See* Modi Aff., ¶ 4, 5.

During an initial conference on May 10, 2017, Carter DeLuca informed Syntheon of the

privileged nature of its responsive documents and requested that Syntheon identify the non-

privileged information it sought from Carter DeLuca that was not readily available in the public

record.  *See* Dkt. 103-6.  During the same conference, which was also attended by counsel for

---

[4] Carter DeLuca objected to the subpoena, in part, on the basis that it was impossible to comply with the subpoena by the requested date.  Dkt. 103-2 at 2, ¶ 2.  Syntheon made no attempt to correct the compliance date or otherwise cure the deficiency of the subpoena.  According to *Moore's Federal Practice*, "[a] subpoena that commands compliance before it is served leaves no time for compliance, and must be quashed."  9 Charles R. Richey, *Moore's Federal Practice – Civil* § 45.51.  Rather than initially moving to quash on this technicality, Carter DeLuca sought to work constructively with Syntheon to understand the nature and scope of the information it sought.

Covidien, it quickly became clear that Syntheon and Covidien fundamentally disagreed regarding whether Covidien had waived privilege.

In letters dated May 10, 2017, and May 15, 2017, Carter DeLuca twice reiterated its request for Syntheon to identify the non-privileged information it sought and twice offered to continue to meet and confer.  *See* Dkt. 103-6; Dkt. 103-8.  In the same letters, Carter DeLuca explained that it intended to assert privilege to the broadest extent possible unless and until Syntheon and Covidien were able to resolve their threshold dispute regarding privilege waiver.

Carter DeLuca's May 15, 2017, letter went unanswered until June 28, 2017, nearly a month and a half later, when Syntheon informed Carter DeLuca that it intended to file a motion to compel.  *See* Modi Aff., ¶¶ 11-12, Ex. C.  Having received no prior response to its May 15, 2017, letter, and aware that fact discovery in the underlying litigation closed on April 28, 2017, Carter DeLuca had assumed that Syntheon no longer sought discovery from Carter DeLuca and that any dispute had been resolved.  Carter DeLuca responded to Syntheon on the same day, noting both its surprise to Syntheon's decision to file a motion to compel at this time and Syntheon's lack of a response to the outstanding issues raised in Carter DeLuca's May 15, 2017, correspondence.  *See* Modi Aff., ¶ 13, Ex. D.

Syntheon and Carter DeLuca, joined by counsel for Covidien, subsequently met and conferred on July 13, 2017.  During that conference, Carter DeLuca laid out the same issues it had raised in its letters following the May 10, 2017, conference.  The conversation quickly morphed from Carter DeLuca requesting that Syntheon identify the non-privileged information it was seeking, to Syntheon arguing that Covidien had waived privileged and that Carter Deluca should produce privileged information and offer privileged testimony.  Syntheon argued (without providing specifics) that Covidien had waived privilege through the Perkins Declaration, the

McPartland Declaration, and/or the Deposition of Stephen Perkins ("Perkins Deposition").

Covidien argued that there had been no waiver and, at least with respect to the Perkins

Deposition, that Mr. Perkins only testified regarding information in the public record.  Covidien

subsequently requested that Syntheon specify what privilege Syntheon believes was waived,

along with the basis for the alleged waiver.  Syntheon failed to provide such an explanation (at

least to Carter DeLuca) either on the call or in any follow-up correspondence received by Carter

DeLuca to date.  *See* Modi Aff., ¶¶ 14-15.

Fully cognizant of its outstanding privilege waiver dispute with Covidien, and despite

Carter DeLuca's repeated representations that it had little non-privileged information to offer that

could not have previously been more appropriately obtained from other sources, Syntheon filed

its Motion to Compel on July 18, 2017, over three months after it served its April 12, 2017,

subpoena.

## III.    ARGUMENT

Carter DeLuca respectfully requests that this Court deny Syntheon's Motion to Compel

for two reasons.  First, because Syntheon's subpoena seeks information that is privileged, was

previously available from Covidien during party discovery, and is available from public sources,

Syntheon's subpoena fails to adhere to the Federal Rules and Carter DeLuca would be unduly

burdened by compliance. Second, because Syntheon unnecessarily delayed discussions with

Carter DeLuca and ultimately waited to file its Motion to Compel until three months after the

close of discovery, Syntheon's Motion to Compel is untimely.

### A.    Carter Deluca Would Be Unduly Burdened by Compliance with Syntheon's Subpoena, Which Fails to Adhere to the Federal Rules

The Federal Rules of Civil Procedure "afford nonparties special protection against the

time and expense of complying with subpoenas."  *Exxon Shipping Co. v. United States Dep't of*

*Interior*, 34 F.3d 774, 779 (9th Cir. 1994).  Under Rule 45, a party or attorney who issues a

subpoena to a non-party must take reasonable steps to avoid imposing undue burden or expense

on the non-party.  *Rockstar Consortium US LP & Netstar Techs. LLC v. Google Inc.*, 2015 U.S.

Dist. LEXIS 139770, No. 14-91322-FDS, at *12 (D. Mass. Oct. 14, 2015) (citing Fed. R. Civ. P.

45(d)(1)).

As the First Circuit has explained, "concern for the unwanted burden thrust upon non-

parties is a factor entitled to special weight in evaluating the balance of competing [discovery]

needs." *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998); *see Heidelberg Ams.,*

*Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 42 (1st Cir. 2003) (upholding district court

order quashing subpoena where court found that burden placed on non-party by overbroad

subpoena outweighed the party's need for the documents); *Ameristar Jet Charter, Inc. v. Signal*

*Composites, Inc.*, 244 F.3d 189, 193 (1st Cir. 2001) (where party "has not shown that the

information sought from [the non-parties] would be anything but cumulative or duplicative . . . it

would be an 'undue burden' on . . . a non-party to permit such a 'fishing expedition.'") (citation

omitted); *see also Bio-Vita, Ltd. v. Biopure Corp.,* 138 F.R.D. 13, 17 (D. Mass. 1991) ("To

obtain discovery from nonparties, a party must establish that its need for discovery outweighs the

nonparty's interest in nondisclosure.").

To determine whether a subpoena imposes an "undue burden" on a non-party, courts

consider "(1) the relevance of the information requested; (2) the need of the party for the

documents; (3) the breadth of the document request; (4) the time period covered by the request;

(5) the particularity with which the party describes the requested documents; (6) the burden

imposed; and (7) the expense and inconvenience to the non-party."  *LSI Corp. v. Vizio, Inc.*, No.

12-mc-91068-DJC, 2012 U.S. Dist. LEXIS 83657, at *7 (D. Mass. May 24, 2012).  No single

factor is dispositive and the ultimate determination of undue burden and reasonableness is subject to the discretion of the court. *See Rockstar Consortium,* 2015 U.S. Dist. LEXIS 139770, at \*13.

　　As the party resisting discovery, Carter DeLuca bears the burden of demonstrating that the subpoena imposes an undue burden and must show the "manner and extent of the burden and the injurious consequences of insisting upon compliance." *In re New Eng. Compounding Pharm., Inc.,* MDL No.13-2419-FDS, 2013 U.S. Dist. LEXIS 161652, at \*32 (D. Mass. Nov. 13, 2013). As explained below, Carter DeLuca has met this burden.

　　　　　1.　　The Court Should Not Require Carter DeLuca to Provide Information Syntheon Already Obtained (or Could Have Obtained) From Covidien or a Public Source

　　Requiring Carter DeLuca to provide information Syntheon already obtained (or could have previously obtained) from Covidien would impose an undue burden on Carter DeLuca. The vast majority of the potentially responsive, non-privileged documents and information in Carter DeLuca's possession generally fall into two categories: (1) information Syntheon obtained (or could have obtained) from Covidien during party discovery; and (2) information that is publicly available (such as from the U.S. Patent and Trademark Office). "If the material sought by subpoena is readily available, either from a party to the action or from a public source, obtaining it through subpoena on a nonparty witness often will create an undue burden." 9 Charles R. Richey, *Moore's Federal Practice – Civil* § 45.32; *see Rockstar Consortium,* 2015 U.S. Dist. LEXIS 139770, at \*19 (noting that the second of the *LSI Corp.* factors weighs in favor of an undue burden finding where a document request directed at a non-party could have been satisfied by a party). Syntheon's discovery requests make no attempt to exclude information it already obtained (or could have obtained) from these more readily accessible sources. Syntheon

must not be permitted to use a subpoena as a backdoor to improperly seek information from a non-party that it apparently failed to diligently seek from a party prior to the close of discovery.

It is illustrative that many of Syntheon's documents requests and deposition topics seek information Syntheon could have previously—and likely already has—obtained either from Covidien (a party to the litigation) or public sources (such as the U.S. Patent and Trademark Office). For example, several document requests and deposition topics relate to the prosecution of Patent Application Nos. 14/231,042 ("the '042 Application") and 14/607,358 ("the '358 Application"), as well as prior art relating to the invalidity thereof. *See, e.g.,* Dkt. 103-1 at 6-7, ¶¶ 1,2,7; *id.* at 9, ¶ 1. However, Covidien's First Supplemental Initial Disclosures, served January 3, 2017, both identify Stephen Perkins as a Covidien employee having relevant knowledge pertaining to the same topics, *see* Dkt. 103-3 at 4, and state that documents pertaining to these topics are within Covidien's custody and control, *see* Dkt. 103-3 at 7, ¶¶ 3-4. Carter DeLuca's understanding is that Syntheon had the opportunity to depose Mr. Perkins and that Covidien has already produced a multitude of documents relating to the '358 and '042 Applications. It was Covidien's choice—during party discovery—to elect whether or not to waive privilege and produce additional documents responsive to these topics. Covidien's apparent decision not to elect such waiver does not now permit Syntheon to seek from Carter DeLuca the very information that Covidien properly elected not to provide.

Similarly, another proposed deposition topic relates to the July 22, 2015, meeting with the Patent Examiner that is referenced in the March 7, 2017 Perkins Declaration. *See* Dkt. 103-1 at 7, ¶ 9. Although not mentioned by Syntheon, an interview summary for that meeting is readily available in the public files of the U.S. Patent and Trademark office. Modi Aff., ¶ 7, Ex. A. Further, Mr. Perkins—who Syntheon deposed—attended that meeting and could have

answered any questions relating to the meeting during his deposition.  *See* Dkt. 103-1 at 20, ¶ 24. Syntheon fails to explain why any testimony offered by Mr. Perkins was insufficient, or why it could not otherwise have obtained the information it now seeks through party discovery or from public sources.

With respect to documents already produced by Covidien, Carter DeLuca specifically informed Syntheon of its concerns regarding the unnecessary burden associated with duplicative productions.  In response, Syntheon suggested that Carter DeLuca could de-duplicate its production against any documents already produced by Covidien.  In so doing, Syntheon ignored the fact that such a de-duplication effort would require access to Covidien's entire document production (which of course Carter DeLuca does not have) and would cost Carter DeLuca upwards of tens of thousands of dollars.  *See* Modi Aff., ¶ 6.  Syntheon's subpoena should have been drafted to explicitly carve out such information.

The Federal Rules dictate that a court must "limit the frequency or extent of discovery otherwise allowed . . . if it determines that (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C); *see Accusoft Corp v. Quest Diagnostics, Inc.*, No. 12-40007-FDS, 2012 U.S. Dist. LEXIS 54216, at *30 (D. Mass. Apr. 18, 2012) (limiting discovery from non-party where court found discovery could have been obtained from a more convenient source—another party).  Each of these conditions is satisfied here: Covidien's initial disclosures alone make clear that much of the information Syntheon now seeks from Carter DeLuca was available from Covidien during party discovery, and in any event much

of the same information was available form public sources; Syntheon had over three months to seek such information from Covidien; and much of the information sought by Syntheon is privileged and therefore outside the scope of Rule 26(b)(1).

Despite the fact that a Carter DeLuca attorney was identified in Covidien's initial disclosures on January 3, 2017, *see* Dkt. 103-3 at 6, Syntheon offers no explanation for why it waited over three months (until just two weeks prior to the close of discovery) to seek *any* discovery from Carter DeLuca.  Nor has Syntheon explained why it could not have sought and obtained documents and testimony regarding the topics noticed in the Carter DeLuca subpoena from Covidien earlier in the litigation.  Carter DeLuca should not be burdened by Syntheon's apparent failure to diligently pursue party discovery from Covidien.  Nor should Syntheon be permitted to use this subpoena as a tool to improperly circumvent any of Covidien's prior claims of privilege.  "Rule 45 does not excuse imposing an undue burden on . . . a non-party because of discovery difficulties with [a party]."  *Rockstar Consortium,* 2015 U.S. Dist. LEXIS 139770, at *19.

2.      Carter DeLuca Is Covidien's Patent Prosecution Counsel and the Vast Majority of Responsive Information in its Possession Is Privileged

Carter DeLuca is Covidien's patent prosecution counsel, and as such, the vast majority of communications and related information that would otherwise be responsive to Syntheon's requests are protected by the attorney-client privilege.  For example, a large number of the substantive, responsive materials include communications between attorneys at Carter DeLuca regarding legal advice sought by Stephen Perkins, in-house counsel at Covidien, and documents prepared for the purpose of providing legal advice to Mr. Perkins and his legal team at Covidien. These materials are privileged as they were made for the purpose of providing legal advice concerning preparation or prosecution of applications in the two-stage switch patent family.  *See*

*Conner Peripherals, Inc. v. Western Digital Corp.*, No. C93-20117 RMW/EAI, 1993 WL 726815 (N.D. Cal. June 8, 1993) (denying motion to compel because attorney-client privilege protected communications regarding prosecution of a patent application and also ruling that privilege protected draft papers, including draft applications, from discovery).  The substantive materials that are not privileged largely contain information that could be obtained from public sources regarding pending and issued patents (e.g., as-filed papers).  *See* Modi Aff., ¶ 5.

Carter DeLuca should not be required to go through the expensive and burdensome exercise of reviewing thousands of documents only to create a privilege log of those documents.  Requiring Carter DeLuca to engage in such a futile exercise would run afoul of Rule 45.  When Carter DeLuca informed Syntheon during a teleconference on July 13, 2017, that it anticipated that any responsive documents would be privileged, Syntheon stated that it would be satisfied if at the end of this process all it received was a privilege log (and no actual documents).  Regardless of whether such an outcome might placate Syntheon, the substantial time and resources that Carter DeLuca would need to expend to review thousands of documents only to create a privilege log, weighs in favor an undue burden finding under the *LSI Corp.* factors.  Indeed, Syntheon fails to explain what "competing need" it could possibly have for such a privilege log three months after the close of fact discovery.  *Cf. Cusumano,* 162 F.3d at 717 (explaining that "[a]lthough discovery is by definition invasive, parties to a law suit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations.  Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs.")

3.      Covidien and Syntheon Actively Dispute Whether There Was a Waiver of Privilege

As discussed *supra* at § II.B, Syntheon and Covidien actively disagree about whether there has been any waiver of privilege by Covidien.  Syntheon contends that Covidien has waived privilege, while Covidien disagrees.  Syntheon is fully aware that this dispute is central to how Carter DeLuca must respond to Syntheon's subpoena.  Nonetheless, the majority of Syntheon's motion is devoted to arguing relevance and the merits of its dispute with Covidien. Despite Covidien explicitly requesting during the July 13, 2017, conference that Syntheon explain the basis for its claim that Covidien waived privilege, nowhere in its Motion to Compel does Syntheon do so.  *See* Dkt. 103.  This is a fundamental threshold issue to any meaningful compliance by Carter DeLuca.[5]

Unless and until this privilege waiver dispute is resolved, Carter Deluca has an obligation to its client, Covidien, to assert privilege to the broadest extent possible.  Carter DeLuca informed Syntheon of its position on the privilege waiver issue in no uncertain terms in its letter dated May 10, 2017.  Dkt. 103-6.  If this Court orders Carter DeLuca to comply with Syntheon's subpoena without first addressing the privilege waiver issue, Carter DeLuca faces the distinct prospect that it may be required—after it complies with the subpoena a first time—to needlessly repeat the entire exercise by: (1) re-reviewing documents that were previously withheld and logged as privileged; (2) preparing a witness for a second deposition; and (3) burdening a Carter DeLuca attorney with attendance at a second deposition.  It is both unnecessary and unfair to

---

[5] Syntheon implies that it should be permitted to depose Carter DeLuca on the basis that Covidien was permitted to depose Mayback & Hoffman (Covidien's prior patent prosecution counsel).  *See* Dkt. 103 at 11.  Whether Covidien was permitted to depose Mayback & Hoffman is irrelevant to whether Syntheon should be permitted to depose Carter DeLuca.  First, as Syntheon points out, Covidien noticed the deposition of Mayback & Hoffman in December 2016, *see id.*, which was *over four months* prior to the close of discovery.  Second, Mayback & Hoffman was Covidien's own prior patent prosecution counsel, mitigating any risk of undue burden on Mayback & Hoffman that may have otherwise stemmed from privilege disputes.

impose the risk of this additional burden on Carter DeLuca, a non-party to this litigation, who

has made every reasonable effort to work with Syntheon to reach agreement on the scope of its

requests.  For all of these reasons, Syntheon's Motion to Compel should be denied.

      B.     <u>Syntheon's Motion to Compel is Untimely</u>

      Alternatively, Syntheon's Motion to Compel, which was brought nearly three months

after the close of fact discovery in the underlying litigation, should be denied as untimely.

Although Carter DeLuca admits that it is unfamiliar with the specific manner in which discovery

is conducted in this particular Court (and has been conducted to date in the underlying litigation),

it is aware that other courts consider motions to compel brought after the close of discovery

untimely.  *See, e.g., Ayala-Gerena v. Bristol Myers-Squibb Co.,* 95 F.3d 86, 93-94 (1st Cir. 1996)

(finding no abuse of discretion where district court noted moving party's lack of diligence and

denied motion to compel filed one month after discovery deadline as untimely); *Amoah v.

McKinney*, No.4:14- 40181 TSH, 2016 U.S. Dist. LEXIS 91670, at *2-4 (D. Mass. July 14,

2016) (denying motion to compel filed after date set by court for completion of fact discovery as

untimely); *Berio-Ramos v. Flores-Garcia*, No. 13 Civ. 1879 (PAD), 2015 U.S. Dist. LEXIS

166461, at *1 (D.P.R. Dec. 11, 2015) ("[L]itigants are not authorized to bypass deadlines.");

*Flynn v. Health Advocate, Inc.*, No. 03 Civ. 3764, 2005 U.S. Dist. LEXIS 1704, at *27 (E.D. Pa.

Feb. 8, 2005) (citing some of the "[m]any courts [that] have stated that Motions to Compel filed

after the discovery deadline are untimely").

      Given that Syntheon's Motion to Compel was not filed until July 18, 2017, this Court

should deny it as untimely.  Syntheon offers no justification for its extended delay.  Carter

DeLuca's understanding is that this Court ordered completion of all fact discovery in this case by

April 28, 2017.  Dkt. 60.  Prior to Syntheon notifying Carter DeLuca on June 28, 2017, that it

had prepared and intended to file a motion to compel, the last correspondence between Carter

DeLuca and Syntheon was on May 15, 2017, when Carter DeLuca wrote to Syntheon.  *See* Modi

Aff., ¶ 11.  In that letter, Carter DeLuca raised a number of issues—including whether Syntheon

had the court's permission to take Carter DeLuca's deposition outside of the discovery period,

the apparent disagreement between Syntheon and Covidien regarding privilege waiver, and the

defect with the subpoena's compliance date.  *See* Dkt. 103-8.  Despite these issues, Carter

DeLuca offered to meet and confer a second time.  When it did not receive a response, Carter

DeLuca assumed that Syntheon no longer sought discovery from Carter DeLuca and that any

dispute had been resolved.

        To this day, Syntheon offers no explanation as to why it waited one and a half months

before responding to Carter DeLuca's May 15, 2017, letter.  Carter DeLuca's position has not

changed since its May 15th letter, and yet Syntheon did not actually file its Motion to Compel

until over two months later—on July 18, 2017.  This Court must not permit Syntheon to abuse

the discovery process by leaving a non-party indefinitely in suspense about whether it must

comply with a subpoena to which it has lodged valid and timely objections—particularly where,

as here, fact discovery has long since closed.  If Syntheon wanted to move to compel Carter

DeLuca's compliance, it should have done so before the close of discovery.[6]  Accordingly,

Syntheon's Motion to Compel should be denied as untimely.

---

[6] The fact that Syntheon waited until April 12, 2017 to serve its subpoena on Carter DeLuca
(which was prepared on April 7, 2017, *see* Dkt. 103-1 at 2) and therefore had little time between
the service of Carter DeLuca's objections and the close of discovery is a problem of Syntheon's
own making.  Syntheon could have (1) served the subpoena on Carter DeLuca weeks or even
months earlier, (2) corrected the typographical error with the compliance date to move up the due
date for Carter DeLuca's objections, or (3) formally requested an extension of time from this
Court, prior to the close of discovery, to file a motion to compel.  Syntheon failed to take even
the most basic of these precautionary measures.

IV.    <u>CONCLUSION</u>

For the reasons set forth herein, Syntheon's motion to compel should be denied.  To the extent Syntheon's subpoena seeks arguably relevant documents, Syntheon should already have them (or could have obtained them) through ordinary party discovery with Covidien or from public resources, such as the U.S. Patent and Trademark Office.  The vast majority of the remainder of the documents sought by Syntheon are either irrelevant or privileged.  Further, Syntheon's Motion to Compel—filed nearly three months after the close of discovery—is untimely.  Carter DeLuca therefore respectfully requests that the Court deny Syntheon's Motion to Compel.

DATED:  July 31, 2017                    Respectfully submitted,

                                         NON-PARTY CARTER, DELUCA, FARRELL &
                                         SCHMIDT LLP,
                                         By its attorneys,


                                         */s/ David S. Godkin*
                                         David S. Godkin (BBO#196530)
                                         James E. Kruzer (BBO#670827)
                                         BIRNBAUM & GODKIN, LLP
                                         280 Summer Street, 5th Fl.
                                         Boston, MA, 022110
                                         Tel: (617) 307-6100
                                         godkin@birnbaumgodkin.com
                                         kruzer@birnbaumgodkin.com

Of Counsel:

Naveen Modi
PAUL HASTINGS LLP
875 15th St NW
Washington, DC 20005
Tel: (202) 551-1700
naveenmodi@paulhastings.com

CERTIFICATE OF SERVICE

I, David S. Godkin, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 31, 2017.

*/s/ David S. Godkin*
David S. Godkin